### BRANTH *v.* BRANTH.

*(Supreme Court, General Term, First Department. July 18, 1890.)*

1. **ATTORNEY'S LIEN.**
   Where a wife, in an action for separation, procures a decree for alimony, costs, and attorneys' fees, and defendant, though verbally advised of a lien of plaintiff's attorneys on the judgment, secretly procures plaintiff to execute a satisfaction of the decree, the satisfaction will be set aside for the protection of plaintiff's attorneys, even after the death of plaintiff.

2. **SAME.**
   But in such case plaintiff's attorneys must rely for their compensation upon the costs and counsel fees awarded, and are not entitled to any part of the alimony.

3. **SAME—ENFORCEMENT.**
   It not appearing that a commitment of defendant under Code Civil Proc. N. Y. § 779, for refusal to satisfy the decree related exclusively to costs and counsel fees, it will be set aside.

Appeal from special term, New York county.

Action for separation by Theresa Branth against John H. Branth. A decree was given awarding plaintiff alimony, costs, and attorneys' fees, and defendant induced plaintiff to execute a satisfaction of the decree. From an order setting aside such satisfaction, vacating an order which vacated a warrant of commitment of defendant for refusal to obey the decree, and permitting plaintiff's attorneys, Langbein Bros. & Langbein, to issue execution on the decree, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wilder, Wilder & Lynch,* for appellant. *Langbein Bros. & Langbein,* pro se.

BRADY, J. A detailed statement of the facts and incidents of this action, if necessary, would show efforts on the part of the defendant to escape the consequences of his failure to do what he was required to do, and, among others, a flight to avoid the service of process by which he was prevented from bringing on an appeal prosecuted by him. The serious charge against him now is, however, the settlement made with the plaintiff, and by which her attorneys were to be deprived of their rights, secured by the orders of this court and its decree. The defendant was advised of the attorneys' lien by verbal notice, and cannot escape the evil results to him of the settlement, if the judgment or decree be maintained as to it, as it will be, if the order appealed from be in that respect sustained. The discovery of the settlement accomplished secretly by the defendant, and secured by the plaintiff's execution of a satisfaction piece, induced a motion by the attorneys to set it aside,

which motion was granted, and hence this appeal. It is not necessary to cite authorities to sustain the proposition that an attorney's lien will be protected against any kindred attempt to the one made herein to destroy it, and all ingenious devices by act or thought when discovered which have such a tendency. On the facts disclosed it is sufficient to say that the exercise herein of this power was abundantly authorized, and must be maintained. The death of the plaintiff, therefore, prior to the motion to set aside the satisfaction piece, the effort on the part of the plaintiff's attorneys to secure to them the payment of any alimony, and the power to enforce payment of their costs by commitment, present the only questions which are to be regarded worthy of consideration herein. The conduct of the defendant in obtaining the satisfaction piece had the effect of substituting the attorneys of the plaintiff, the plaintiffs herein, thus to enable them to carry on the case by the appropriate remedies until their lien is paid, or the modes of procedure for collection exhausted. The case of *Lachenmeyer* v. *Lachenmeyer*, 65 How. Pr. 422, determines this right, even after the death of the plaintiff, and is a kindred case. The alimony, however, although it be obtained by assignment, cannot be secured by the plaintiff's attorneys. It is intended for the support of the party to whom it is given, and the greater the necessity for such an allowance the greater the reason why the courts should discountenance its appropriation for any other purpose. The counsel must rely upon the costs and counsel fee awarded for his compensation, and therefore no claim to the alimony or any part of it, or to the enforcement of it by any process issued or otherwise, can inure to the benefit of her attorneys. We do not doubt that the amount of costs and counsel fee may be collected in the same manner under section 779 of the Code, as if the plaintiff were alive. The punishment as for contempt of court is prescribed by that section, and the payment of costs and counsel fee might doubtless be enforced in a proper case by a fine imposed which would cover them. The respondents do not appear on the record to have secured any such remedy as to their costs and counsel fee by an independent proceeding, and there is nothing, therefore, on that subject to be considered. The result of this appeal is consequently that, so far as the order appealed from vacates the order vacating the order of commitment dated July 15, 1887, it is reversed, but affirmed in all other respects. The respondents have not shown that the commitment related exclusively to costs and counsel fee, as already suggested, and not to alimony, which was incumbent upon them if they desired to retain the power to enforce it. The alimony, by the settlement and death of the plaintiff, is expunged from the record, and ceases to have the least vitality. For the reasons given the order appealed from must be reversed as to the order in relation to the commitment, and affirmed in all other respects, without costs to either party.

VAN BRUNT, P. J., concurs.

DANIELS, J.  I agree to the result, but not in what has been said in support of the right to collect the costs by a fine for contempt; the remedy for the collection of the costs being confined to an execution.