60  477
129a 566

ISAAC ROMAINE, as Receiver of the Property of MARIA L. CHAUNCEY, Respondent, *v.* MICHAEL CHAUNCEY and Another, Appellants.

60h    477
78 AD³181

*Divorce — alimony cannot be reached by the wife's creditors who became such before the decree of divorce.*

An action was brought against a husband and wife to reach alimony, directed to be paid to her by a judgment of absolute divorce, in order to satisfy debts created by her before said divorce was decreed; in which action a demurrer was interposed to the complaint.

*Held,* that the action could not be maintained.

That alimony is not the property or separate estate of a wife, but is a compulsory provision made for her support by a guilty husband ; and as such support it is not assignable.

It seems that a trader who had furnished a wife with necessaries, upon the faith of a decree granting alimony, might recover his debt therefrom.

*Stevenson* v. *Stevenson* (34 Hun, 157) distinguished.

APPEAL by the defendants, Michael Chauncey and Maria L. Chauncey, from an interlocutory judgment entered in the clerk's office of the county of New York on the 4th day of May, 1891, overruling their demurrers to the amended complaint in this action ; also from an order entered in said clerk's office on the 30th day of April, 1891, overruling said demurrers and directing the entry of said judgment.

*Cowen, Dickerson, Nicoll & Brown,* for the appellants.

*George V. N. Baldwin,* for the respondent.

BARRETT, J. :

The precise question here presented is whether the alimony allowed to a married woman, by the final decree granting her a divorce, can be reached by creditors whose claims and judgments ante-date such decree.

The facts are these : In July, 1888, this court rendered judgment in favor of Mrs. Chauncey and against her husband, granting her a divorce *a vinculo* and awarding her alimony. In 1889 the plaintiff was appointed receiver of Mrs. Chauncey's property by a New Jersey court, upon a judgment recovered against her in that State, in the year 1884. This action is brought to reach the alimony payable to

Mrs. Chauncey under the decree of this court, and to require Mr. Chauncey to pay it over to the plaintiff monthly until the judgment under which he was appointed, is fully satisfied. Mr. and Mrs. Chauncey demurred and their demurrers were overruled at Special Term.

We think this action cannot be maintained. The alimony awarded to Mrs. Chauncey cannot be regarded as an ordinary debt due by one person to another, which may be reached by judgment creditors in the ordinary way. The nature of alimony must not be overlooked. It is not the wife's property nor her separate estate. It is simply a provision compulsorily made for her support by the guilty husband. The law thus enforces the obligation assumed by the husband at marriage, and the alimony becomes a substitute for the maintenance, which is the wife's due and which she would receive, directly from the husband and in his home, but for the dissolution of the marriage contract by reason of his infidelity. This was the doctrine of the common law, and the rule was substantially codified both in the Revised Statutes and the Codes of Procedure. At common law, alimony properly signified nourishment or maintenance, when strictly taken. (Godol. Ab., 508.) It was not a portion of the husband's estate, assigned to the wife and subject to her control or to be sold at her pleasure, but a provision for her support, to be continued during their joint lives or so long as they live separate. (MARTIN, J., in *Wallingsford* v. *Wallingsford*, 6 Har. & J., 485.)

"Alimony," says Mr. Bishop, "is not a sum of money, or a specific proportion of the husband's estate given absolutely to the wife; but it is a continuous allotment of sums payable at regular periods for her support from year to year." (Bishop on Marriage and Divorce, § 591 [5th ed., § 427.]) "If she is compelled," he says again (§ 604 [5th ed., § 446]), "to seek a divorce on account of his misconduct, she loses none of her rights in this respect (that is, in respect to support), *but she is to draw her maintenance in a different way.*" In *Daniels* v. *Lindley* (44 Iowa, 567), it was said that the claim of the wife for alimony was not in the nature of a debt, and that she was not a creditor of the husband. So in *Guenther* v. *Jacobs* (44 Wis., 354), RYAN, C. J., said that alimony is not an estate, and, therefore, not separate property of the

wife. It is an allowance for the nourishment of the wife, variable and revocable. (And see *Burr* v. *Burr*, 7 Hill, 207–213.) The language of the Code is equally explicit. "The court may, in the final judgment dissolving the marriage, require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice requires, regard being had to the circumstances of the respective parties." (Code of Civil Procedure, § 1759, sub. 2.)

The maintenance of the children of the marriage and the support of the wife are thus treated as obligations of a like character, to be enforced, not as creditors enforce the contract obligations of their debtors, but by specially coercive proceedings looking not only to the sequestration of the husband's property, but to compulsory payment from even his current earnings, and to imprisonment in case of disobedience to the judicial mandate. It is quite clear that the provision thus made for the wife's support is non-assignable. The principle upon which policies of life insurance in favor of the wife were held to be non-assignable (*Eadie* v. *Slimmon*, 26 N. Y., 9; *Barry* v. *Equitable Life Ins. Co.*, 59 id., 587; *Barry* v. *Brune*, 71 id., 261) applies with greater force to such a provision as that of alimony. And what, it may be asked, could an assignee of alimony take? Could he take a provision made for the support of the wife, payable from time to time *in futuro*, and determinable by the death, meantime, of either of the parties? And if he could take such a provision, will it be pretended that the assignment would carry with it the same right to enforcement, and the same remedies in that regard, which the law has afforded to the wife? The question carries with it the negative answer. We would not have deemed this question worthy of extended consideration but for some observations contained in the opinion of the court in *Stevenson* v. *Stevenson* (34 Hun, 157). That case is, however, materially distinguishable from the present in this, that the judgment there was recovered subsequently to the decree of divorce. If the learned court had placed its decision solely upon the ground that the creditor had furnished the wife with necessaries upon the faith of the alimony judgment, we would have no difficulty in following it unreservedly. For we think it reasonable that a provision made for the wife's support should be charged with that

very support furnished by a tradesman on the strength of the decree. But further than this we are not prepared to go. To charge the alimony provision with a judgment, having no relation whatever to the wife's support, would simply be to nullify the statute and to permit the wife to starve, while the husband, instead of supporting her, is forced to pay her old debts. Two cases are cited in *Stevenson* v. *Stevenson* to sustain the proposition that the separate maintenance of a married women secured by her husband, they living apart, may be reached by a bill in equity by the creditors of the wife. (*Kenge* v. *Delavall*, 1 Vernon, 326; *Lillia* v. *Airey*, 1 Ves. Jr., 277.) I have examined both of these cases and I find that they simply hold that a wife's separate estate is in equity chargeable with the debts contracted upon the credit of that estate. This is an old and familiar rule, and it, undoubtedly, affords countenance to the proposition that a tradesman may charge even alimony with debts for necessaries contracted upon the credit of the decree. The learned judge who spoke for the General Term in *Stevenson* v. *Stevenson* (Follett, J.), seemed to think that unless it could be shown that alimony was exempted by virtue of some statute, it could be reached by an ordinary creditor in the ordinary way. Accordingly he discussed sections 1879 and 2463 of the Code of Civil Procedure with regard to exemptions in cases of express trusts, and he held that the alimony judgment did not come within such exemptions, as it did not create " the semblance of an express trust." I agree entirely with the learned judge in this latter conclusion, but I do not think it necessary here to find any statute of exemptions. If we are right in our view of the nature and character of alimony, then it is not a debt, and statutes with regard to exemptions have no applicability. Nor need we liken alimony to a trust fund in order to preserve it strictly for the purposes of maintenance. If necessary, we might appeal to public policy rather than to statutes of exemptions or statutes regulating express trusts. There are many instances where public policy stands between the creditor and the debtor and prevents the attachment of what is due the latter for his personal services. The rules which govern with regard to the salaries of public officers are familiar illustrations of this principle. If the law will not permit the salary of a public officer to be asssigned, attached or diverted from the purpose of support, it is certainly not

because of any statute of exemptions. It is because the public service demands that the officer shall be capable of adequately performing his public duty. Public policy equally demands that a woman whose husband is bound to support her shall not become a public charge, and that the provision ordained by law shall be scrupulously applied to the single purpose for which it was intended.

Without considering the other questions presented, we think the interlocutory judgments should be reversed and the demurrers sustained, with costs to each of the defendants, both at Special Term and upon this appeal.