(21 App. Div. 272.)

VAN VLECK v. VAN VLECK.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

1. HUSBAND AND WIFE—SEPARATION—COUNSEL FEES.
    In a suit by a wife for separation, under Code Civ. Proc. c. 15, art. 3, the court can order an allowance for such counsel fees as may be necessary to enable her to prosecute the action, but cannot grant extra allowances.

2. SAME—CONTINGENT FEES—ILLEGALITY.
    A wife's agreement, made before suing for. a separation under Code Civ. Proc. c. 15, art. 3, to pay her attorney a certain per cent. of the alimony, is void as against public policy.

3. SAME—VOID CONTRACT—INFLUENCE ON COURT.
    Where, in making an order to pay alimony and counsel fees, the lower court had considered a void contract of the wife to pay her attorney a certain per cent. of the alimony, the order was reversed without prejudice to a new application.

Appeal from special term, Erie county.

The order appealed from was dated June 4, 1897, and required the defendant to pay to the plaintiff temporary alimony, at the rate of $1'o a month from the time of the commencement of this action until its final determination, and to pay to the plaintiff's attorneys $1,200, "in the manner hereinafter provided, as counsel fees for the plaintiff in the prosecution and maintenance of this action." The order also contained the following provision: "Ordered, that fifty per cent. of the alimony and counsel fees above directed to be paid by the defendant to the plaintiff shall be paid by the defendant to the Hon. Norris Morey until he shall have received the sum of two thousand dollars, as provided in the order of substitution herein, and, after said sum of $2,000 shall have been paid to the said Norris Morey, that all further payments of counsel fees and alimony shall be made to plaintiff's attorneys, as hereinbefore

provided. It is further ordered that, upon the written request of the defendant, after the payment by him of the counsel fees and alimony hereinbefore provided for, and all other sum or sums that may be ordered paid for counsel fees or alimony herein, and that may be due the plaintiff at the time of such request, the plaintiff shall vacate the premises and the apartments belonging to the defendant, and occupied by her, at No. 874 Delaware avenue, Buffalo, N. Y."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Adolph Rebadow, for appellant.

Bartlett, Van Gorder. White & Holt, for respondent.

HARDIN, P. J.　Plaintiff brings this action under article 3 of chapter 15 of the Code of Civil Procedure, which chapter contains several sections providing for a separation, and alleges that the conduct of the defendant has been cruel and inhuman, and that she is entitled to a separation from him.　The complaint contains elaborate specifications of the particulars relied upon by her to establish her cause.　The answer of the defendant contains a denial of many of the material allegations of the complaint, and avers facts and circumstances in mitigation and in justification of the conduct of the defendant.

In Bullock on Husband and Wife (section 291, p. 309) it is said, viz.:

"The rule is to allow only such sums as the husband is able to pay, and as are sufficient properly to support the wife, and enable her to try the action. See Gilbert v. Gilbert (Sup.) 1 N. Y. Supp. 534. The power of the court to make an allowance to the wife for counsel fees and expenses, in an action for divorce, is limited to such sums as may be necessary to enable her to carry on or defend the action."

In Beadleston v. Beadleston, 103 N. Y. 403, 8 N. E. 736, it was held that:

"The power of the court to make an allowance to the wife for counsel fees and expenses, in an action for divorce, is limited to such sums as may be necessary to enable her to carry on or defend the action."

That case was quoted and followed in Atherton v. Atherton (Sup.) 31 N. Y. Supp. 984; and in the latter case it was held that the court has no power in such an action to grant an extra allowance.　See McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550.

It seems that the plaintiff, before the commencement of this action, entered into a somewhat extraordinary agreement with an attorney, and that, in pursuance of such agreement, the action was commenced, and subsequently there was a substitution of attorneys.　The agreement is set out at page 60 of the appeal book, and provides, among other things, that the plaintiff will pay a sum equal to one-fourth of any gross sum that shall be paid in settlement of the plaintiff's claim for support; and it contains, among other things, the following language:

"If, by judgment of the court or by agreement, I shall recover a stipulated sum, to be paid annually or otherwise, for my support, then I promise that you shall be paid a sum equal to one-fourth of such amount for ten years; provided, however, that, if settlement should be made of such claims against him before you have to go into court with an application for alimony or counsel fees, I will pay you upon the basis of one-half the above sums. In

case of my husband's death after the beginning of the action, and before a judgment shall be got against him in the courts of this state, I will pay you $7,500; and, in case a judgment shall have been obtained in the courts of this state, a sum equal to fifteen per cent. upon the amount of such recovery."

The complaint in the action was verified on the 14th of September, 1896, and this action was commenced in October, 1896; and in January, 1897, apparently, the plaintiff became dissatisfied with her attorney, and requested that he should turn the case over to the present attorneys; and a motion was made for the substitution of the present attorneys; and on the 9th of April, 1897, an order was made substituting the present attorneys in the place of the former attorney upon certain conditions, which are stated in detail at page 62 of the appeal book. We think the agreement referred to, and from which the quotation has been made, was void as against public policy, and that the provisions of the order appealed from authorizing partial compliance with the terms of the agreement ought not to be sustained.

In Jordan v. Westerman, 62 Mich. 170, 28 N. W. 826, it was held, viz.:

"A contract made between a wife and her solicitors in advance of a decree for divorce and allowance of alimony, giving the solicitors one-half of such alimony, is void as against public policy. A decree for alimony vests no absolute right thereto in the wife. Public policy is interested in maintaining the family relation, the interests of society requiring that such relation be not lightly severed, and that families shall not be broken up for inadequate causes or from unworthy motives; and, where differences have arisen which threaten disruption, public welfare and the good of society demand a reconciliation, if practicable or possible; and, for these reasons, a contract which tends to prevent such a reconciliation is void."

In the course of the opinion delivered in that case it was said:

"The allowance of temporary alimony is discretionary with the court, and it cannot be for a moment imagined that an allowance would be made if the court was apprised that one-half the sum allowed for her sustenance had been agreed to be paid over to her solicitors under a contract like that set up in this case."

There is a great conflict in the affidavits and papers used upon the motion, and it is probable that the agreement to which reference has been made was influential upon the court in reaching the sums awarded for alimony and counsel fees. As the agreement was void as against public policy, we think the order appealed from should be reversed, without prejudice to a new application to the special term.

Order of June 4, 1897, reversed, without prejudice to a new application to the special term. All concur, except GREEN and WARD, JJ., not voting.