### VAN VLECK v. VAN VLECK.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

ALIMONY—COUNSEL FEES—LEGALITY OF AGREEMENT—INFLUENCE ON COURT.
    Where, in making an order to pay alimony and counsel fees, the lower court had considered a void contract of the wife to pay her attorney a certain per cent. of the alimony, the order was reversed, without prejudice to a new application.

Appeal from special term.

Action by Marie Louise Van Vleck against George H. Van Vleck. From an order allowing counsel fees and alimony, defendant appeals. Reversed.

The plaintiff had agreed to pay her attorney, Norris Morey, a certain per cent. of whatever alimony she recovered of the defendant. The order appealed from was dated June 21, 1897, and recited that the defendant's counsel had stated in open court that "the defendant would consent that the plaintiff obtain upon his credit such carriage hire, medical attendance, and medicines as she required, and such dry goods and clothing upon his or his counsel's order as might be necessary and proper, and that he would also maintain her in his residence on Delaware avenue during the pendency of said appeal." In connection with that statement, certain affidavits were read, and the order then provided "that the defendant pay the sum of $250 (two hundred and fifty dollars) additional counsel fees for the prosecution and maintenance of this action, $125 thereof to be retained for and paid to Norris Morey in the event of the affirmance of the order appealed from, to apply upon his lien herein for counsel fees, and $125 thereof to be paid to Bartlett, Van Gorder, White & Holt, plaintiff's attorneys herein; and that defendant also pay to Bartlett, Van Gorder, White & Holt the sum of $50 per month, including the month of June, 1897, of the alimony heretofore awarded the plaintiff, to apply thereon, and to be paid by them to the plaintiff during the pendency and until the determination of said appeal, said $50 per month to be paid on the 10th day of each month hereafter." And it was further ordered that, unless the payments were made, the stay before granted should be vacated. And it was further provided in the order: "If the defendant shall neglect to provide the plaintiff with reasonable carriage hire, medical attendance, medicine, dry goods. and clothing as she may require, in the manner above mentioned, then the plaintiff may apply to the court, on three days' notice, to vacate said stay, and for an increase of alimony and counsel fees."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Adolph Rebadow, for appellant.

Bartlett, Van Gorder, White & Holt, for respondent.

HARDIN, P. J.   Inasmuch as we have reached the conclusion that the order of the 4th of June, 1897, should be reversed for the reasons stated in the opinion of HARDIN, P. J. (47 N. Y. Supp. 470), we think this order should also be reversed, without prejudice to a new application for alimony and counsel fees.

Order of June 21, 1897, reversed.   All concur except GREEN and WARD, JJ., not voting.