### In re BOLLES.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. DIVORCE—ALIMONY—PAYMENT TO ATTORNEY—RIGHT TO USE FOR DISBURSEMENTS.

 Where a husband is ordered to pay a certain sum weekly to his wife's attorney in an action for divorce for alimony, and to pay a further sum for counsel fees, the attorney to whom such payment is made is not entitled to use any part of the alimony for the payment of disbursements in the action, but is required to pay over the entire amount so received for the wife's support.

2. SAME—ACCOUNT.

 Where, on a summary application to compel an attorney to pay over alimony which he had received for his client, he did not deny that he had received a certain amount as alleged, and an account which he submitted as a part of his answer was incorrect, and he did not clearly explain how he had devoted the entire amount to the benefit of the wife and children, petitioner was not bound by the account so rendered.

Appeal from special term, New York county.

Application by Eva G. Bolles for an order requiring Edward H. Murphy, an attorney, to pay over money received by him as petitioner's attorney in an action for divorce. From an order directing the payment of $70, both parties appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Philo P. Safford, for petitioner.
Frank H. Curry, for respondent Murphy.

HATCH, J. It appears from the petition and other papers submitted on this application that the husband of the petitioner heretofore brought an action against her to recover a divorce a vinculo; that she interposed an answer in such action, containing a general denial of the charges against her, and setting up a counterclaim for a separation from her husband, based upon the ground of desertion. Edward H. Murphy appeared for the petitioner in such action. In the month of December, 1901, upon the application of petitioner, an order was granted directing the payment to her of $20 per week alimony and $250 counsel fee to the attorney. Subsequently, and in January, 1902, the weekly payment of alimony was reduced to $10, and on May 12th following was again increased to $20. The orders directed that the alimony awarded should be paid at the office of the attorney, and he has at all times received the same. Of the moneys so received the attorney has retained the sum of $97 over and above any sums of money which he has applied either for her benefit or the benefit of her children, and the petitioner therefore makes this summary application to obtain an order directing the payment over to her of such moneys. The attorney claims to be entitled to retain the same on account of disbursements and expenditures he has made for the petitioner in connection with the action.

It is settled by authority that the sums awarded as alimony cannot be appropriated by the attorney in payment for legal services or disbursements connected therewith. Alimony is directed to be paid by the court for the support and maintenance of the wife and children, and is not subject to be appropriated to the payment of debts and liabilities disconnected from necessary support and maintenance. The right of the wife to have and receive the same is founded upon the marital obligation of the husband to maintain and support his wife and children, and both the allowance and payment are subject at all times to the equitable protection of the court. It may be interposed at any time upon a proper application in enforcement of a decree awarding it either to compel its payment by the sequestration of the husband's property or summarily direct any person who has received it for the benefit of the wife and children to pay it over. Romaine v. Chauncey, 60 Hun, 477, 15 N. Y. Supp. 198; Tonjes v. Tonjes, 14 App. Div. 542, 43 N. Y. Supp. 941. The attorney, therefore, has no right whatever to appropriate the alimony awarded, either as compensation for his services or for the payment of disbursements connected with the action. His allowance of a counsel

fee was deemed sufficient by the court for such matters. He cannot resort to the alimony to help him out.

The court below reached the conclusion that only the amount of $70 remained in the hands of the attorney to which the petitioner was entitled. The attorney nowhere denies but that he received $310 .alimony, and the petitioner avers that out of this sum $97 is due and unpaid. The court reached its conclusion by taking into consideration the statement of an account rendered by the attorney to the petitioner. Therein the following items appear: December 24, 1901, to January 7, 1902, $12, net $24; January 7, 1902, to May 12, 1902, $2, net $35; May 12, 1902, to June 12, 1902, $12, net $48. This was a statement in part of the amount of alimony received with which he .charged himself. During the first period mentioned therein, December 24th to January 7th,—two weeks,—the attorney was paid $20 per week, but he only charges himself with $10. We assume that he means by the statement that the other $8 per week was expended for the benefit of the petitioner. That would amount to $16. The next period he figures $2 net for seventeen weeks, making $35, with which he charges himself; but during this period he was receiving $10 per week, and we assume that he means that the other $8 per week was expended for the petitioner's benefit. This would amount to $140. In the last period—May 12th to June 12th—he charges himself with $12 per week for four weeks. This is $8 per week short, and, if expended, as we assume, would amount to $32 for the four weeks. Taking these three items, $16, $140, and $32, equals $188, with which we assume he intended to credit himself with having paid to the petitioner. But he received during the whole time $310, and this sum, minus $188, leaves $122. Allowing his claim, that of whatever sum remained in his hands he was still entitled to a credit of $37 more, would leave $85 due the petitioner upon his own account. This account seems to have been considered by the court as in some form an account stated, and relied upon by the petitioner as such in her application. Such, however, is not the fact. The account was set up solely for the purpose of showing that the attorney admitted that some moneys were in his hands, but the petition itself and the other proof upon the application clearly show that the petitioner controverted this statement of account, and claimed that the amount due to her was $97. What the attorney means by accounting for net receipts is not made clearly to appear, nor does he explain it in his papers. The account itself is shown to be incorrect, and, in view of the attorney's failure to deny the fact that he had received the $310, and as he does not clearly explain how he has devoted the whole of that sum to the benefit of the children, we do not think his statement of account should be taken as binding upon the petitioner. It was the duty of the attorney to pay over this money immediately upon its receipt. Confessedly, he has wrongfully retained it, and had the benefit of its use. As he cannot make any legal deductions therefrom under the claim he has asserted, except such as was paid for the benefit of the petitioner and her children, this court will not be astute in relieving him from the payment of the whole sum which the peti-

tioner shows to be due. The proof upon the part of the petitioner entitled her to an order for the payment of $97.

The order should therefore be modified by directing the payment to the petitioner of the sum of $97, with interest. thereon from the date of the application, and, as modified, the order should be affirmed,. with $10 costs and disbursements and $10 costs of the motion to the petitioner. All concur.