In the Matter of MORRIS DANGLER, an Attorney, Respondent.

First Department, May 28, 1920.

**Attorney at law suspended — failure to disclose to court contract allowing attorney portion of alimony.**

Attorney at law suspended from practice for one year for professional misconduct which consisted in failing to disclose to the court on his application for temporary alimony on behalf of a client, that he had an agreement with the client which entitled him to receive in addition to fees awarded by the court, one-half of the alimony awarded to the client.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Royal H. Weller* of counsel [*Einar Chrystie*], for the petitioner.

*Louis J. Moss* of counsel [*Jacob W. Kahn*, attorney], for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in March, 1900, at a term of the Appellate Division, Second Department, and was practicing as such in the First Judicial District at the time he committed the acts complained of.

First Department, May, 1920.          [Vol. 192.

The petition sets forth two charges of professional misconduct. The first charge is that the respondent having been retained to represent one Anna R. Monroe in an action for separation to be brought against her husband, George W. Monroe, and having entered into an agreement with said Anna R. Monroe to accept in payment of fees one-third of any lump sum paid in the settlement of alimony, concealed from the court, on the argument of the motion for temporary alimony and counsel fees and on the argument of a subsequent motion for a commission to take testimony, that he had later entered into an agreement with his client by which he was to receive one-half of all alimony paid to her, and, in fact, collected and retained one-half of all such alimony.

When Mrs. Monroe resolved to bring an action against her husband for separation she retained the respondent as her attorney to commence and prosecute it. The learned official referee says: " True the respondent was at that time a member of the firm of Dangler & Black, and the action brought in behalf of Mrs. Monroe was brought in the firm name and the firm name was also used in the agreements for compensation, but the evidence abundantly shows that the respondent practically had the entire charge of Mrs. Monroe's case and personally conducted all the negotiations with her and all proceedings instituted in her behalf, consequently all denials in the answering affidavit and the testimony of the respondent in so far as they are based upon the claim that the allegation denied should have been made against the firm and not against him individually are unavailing the respondent."

On April 3, 1917, a written agreement was entered into by which Dangler & Black were authorized to commence an action for separation and which provided: " And in their discretion to settle the same upon such terms as they in their judgment shall deem necessary, if a lump sum of money is agreed upon between the plaintiff and the defendant in full settlement of alimony, past, present and future, then my attorneys shall receive one-third of such settlement. All payments of counsel fees and costs of the action shall remain the property of my attorneys."

The separation action was subsequently instituted. A

motion for alimony and counsel fees was thereafter made and argued on July 25, 1917. Respondent submitted an affidavit of Mrs. Monroe, prepared by him, which stated: " I have no other income or revenue and I am practically penniless at this time and am dependent upon the outcome of this motion for maintenance and support both for myself and daughter."

On July 28, 1917, three days after the first argument of the motion, a new agreement was made between the respondent and his client which provided: " I, Anna R. Monroe, hereby retain the firm of Dangler & Black to prosecute an action for divorce against my husband, George W. Monroe, and agree to pay them one-half of all alimonies collected during the pendency of the action, together with any counsel fee that might be retained therein."

Upon the second argument before the court as to alimony, which was on August sixth, respondent did not disclose to the court the fact that this agreement had been made. The motion resulted in an order which provided for $500 counsel fee and temporary alimony of $75 per week. The respondent received the $500 counsel fee and the payments of alimony were made directly to him from time to time by Mr. Monroe's attorneys. It was his custom to retain one-half of the weekly alimony or $37.50, a course which he pursued until May, 1918, after which payment was made by Monroe's attorneys direct to Mrs. Monroe. The respondent also procured Mrs. Monroe to give him a power of attorney to indorse alimony checks which had been made payable to her. Subsequently upon an application for the issuance of an open commission to take evidence in Boston, where the question arose as to the costs and expenses attendant upon such a commission, the respondent submitted an affidavit in which he set forth that he had been allowed $500, claimed that said allowance, as a matter of law, was to be used for the preparation and actual trial only when the same takes place within the jurisdiction of the court, was not intended to cover expenses for taking a commission out of the State, and failed to disclose the agreement with his client under which he was receiving one-half of the alimony awarded to her.

The learned official referee as to this charge finds: " As regards the motion for alimony and counsel fee, I am of the

opinion that respondent's misconduct has been fully established, for it seems clear that in the face of his client's plea of poverty the court would never have decided the question of alimony as it was decided if it had been informed that one-half would go to the attorney in addition to the counsel fee granted, indeed the obtaining under the circumstances disclosed of the agreement of July 28, 1917, was in itself unprofessional. Moreover, it was void as against public policy. (*Van Vleck* v. *Van Vleck*, 21 App. Div. 272.) My final conclusion, therefore, is that to the extent stated that the respondent has been guilty of professional misconduct as an attorney."

In *Van Vleck* v. *Van Vleck* (*supra*) it was held that an agreement by the wife to compensate an attorney for conducting an action to be instituted by her against her husband for separation by giving him certain percentages of such sum as should be awarded her for alimony was void as against public policy. The court cited *Beadleston* v. *Beadleston* (103 N. Y. 402), where it was held that the power of the court to make an allowance to a wife for counsel fee and expenses in an action for divorce is limited to such sums as may be necessary to carry on or defend the action, and quoted with approval from *Jordan* v. *Westerman* (62 Mich. 170). " A contract made between a wife and her solicitors in advance of a decree for divorce and allowance of alimony, giving the solicitors one-half of such alimony, is void as against public policy * * *. In the course of the opinion delivered in that case it was said: ' The allowance of temporary alimony is discretionary with the court, and it cannot be for a moment imagined that an allowance would be made if the court was apprised that one-half the sum allowed for her sustenance had been agreed to be paid over to her solicitors under a contract like that set up in this case.' " This case was cited and followed in *Matter of Brackett* (114 App. Div. 257; affd., 189 N. Y. 502).

*Matter of Bolles* (78 App. Div. 180) was a summary proceeding to compel an attorney to pay over certain moneys received by him as alimony for his client. The attorney claimed to be entitled to retain the sum on account of disbursements and expenditures made for the petitioner in con-

nection with the action. This court said: " It is settled by authority that the sums awarded as alimony cannot be appropriated by the attorney in payment for legal services or disbursements connected therewith. Alimony is directed to be paid by the court for the support and maintenance of the wife and children, and is not subject to be appropriated to the payment of debts and liabilities disconnected from necessary support and maintenance. The right of the wife to have and receive the same is founded upon the marital obligation of the husband to maintain and support his wife and children, and both the allowance and payment are subject at all times to the equitable protection of the court. It may be interposed at any time upon a proper application in enforcement of a decree awarding it, either to compel its payment by the sequestration of the husband's property, or summarily direct any person, who has received it for the benefit of the wife and children, to pay it over. * * * The attorney, therefore, has no right whatever to appropriate the alimony awarded, either as compensation for his services or for the payment of disbursements connected with the action. His allowance of a counsel fee was deemed sufficient by the court for such matters. He cannot resort to the alimony to help him out."

In *Branth* v. *Branth* (10 N. Y. Supp. 638) the General Term of this department said: " The alimony, however, although it be obtained by assignment, cannot be secured by the plaintiff's attorneys. It is intended for the support of the party to whom it is given, and the greater the necessity for such an allowance the greater the reason why the courts should discountenance its appropriation for any other purpose. The counsel must rely upon the costs and counsel fee awarded for his compensation, and therefore no claim to the alimony or any part of it, or to the enforcement of it by any process issued or otherwise, can inure to the benefit of her attorneys."

In *Romaine* v. *Chauncey* (60 Hun, 477; affd., 129 N. Y. 566) the court said: " The alimony awarded to Mrs. Chauncey cannot be regarded as an ordinary debt due by one person to another, which may be reached by judgment creditors in the ordinary way. The nature of alimony must not be over-

First Department, May, 1920. [Vol. 192.

looked. It is not the wife's property nor her separate estate. It is simply a provision compulsorily made for her support by the guilty husband. The law thus enforces the obligation assumed by the husband at marriage, and the alimony becomes a substitute for the maintenance, which is the wife's due and which she would receive, directly from the husband and in his home, but for the dissolution of the marriage contract by reason of his infidelity. * * * It is quite clear that the provision thus made for the wife's support is non-assignable. * * * Public policy equally demands that a woman whose husband is bound to support her shall not become a public charge, and that the provision ordained by law shall be scrupulously applied to the single purpose for which it was intended."

The petition contained a second charge against the respondent, but as the learned official referee has reported that it has not been sustained by sufficient evidence, and as we are satisfied from a careful consideration of the whole case with his conclusion, it is not necessary to refer to it in detail.

Upon the finding that the respondent had been guilty of unprofessional conduct upon the first charge which we approve we are of the opinion that his offense cannot be overlooked. While he did not deceive his client in that the terms of his retainer were in writing, were read and understood and agreed to by her, yet nevertheless they were illegal and unenforcible and against the policy of the law, which, as a member of the bar he ought to have known and must be held to have known, notwithstanding his claim of ignorance. He did not when applying to the court for counsel fees or again when applying for allowance for expenses incident to taking a deposition without the State, disclose to the court that he was under contract to receive, in the first instance, and had received when the second application was made, one-half of the amount of alimony allowed for the support and maintenance of his client. It is obvious that if such disclosure had been made it would materially have affected the court's action.

Having obtained a substantial allowance of alimony upon the ground of the necessitous condition of his client, he abused the discretion of the court by appropriating one-half thereof in addition to the substantial counsel fee allowed to himself. We are of the opinion that for this misconduct, thus estab-

lished, he should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Respondent suspended from practice for one year. Settle order on notice.