BENJAMIN J. GOLDMAN, Plaintiff, *v.* RAFEL ESTATES, INC., et al., Defendants.

ALEXANDER U. ZINKE, Doing Business as L. & A. U. Zinke, Appellant; RAFEL ESTATES, INC., Respondent.

First Department, November 2, 1945.

*Charles W. Silver* of counsel (*L. & A. U. Zinke,* attorney), for appellant.

*Harry A. Gottlieb* of counsel (*Klein, Wikler & Gottlieb,* attorneys), for respondent.

COHN, J. Appellant was the attorney for respondent, Rafel Estates, Inc., one of the defendants in the above-entitled action. During the pendency of that suit appellant informed respondent that he desired to withdraw as its attorney, asserting that he was compelled to take this step because respondent manifested a lack of confidence in him by having another attorney supersede him in related matters.

Appellant thereafter refused to deliver the papers in the action in his possession to the new attorneys who required them to prepare for trial. After he had notified respondent of his intended withdrawal, appellant instituted an action to recover the sum of $10,000 as the reasonable value of his services. A motion was thereupon made by respondent for a substitution of attorneys and for a direction that appellant turn over the papers to the new attorneys.

The Special Term in granting a substitution of attorneys for the corporate respondent, also decided that appellant " lost any lien by instituting a plenary action against his former clients for the services rendered " and directed appellant to deliver the papers to the new attorneys.

This appeal is from so much of the order as directs appellant to turn over all papers to the substituted attorneys. The effect of the order, appellant argues, is to destroy his retaining lien without substituting therefor any bond or security for the payment of services rendered in the action as well as in other proceedings in which he was retained by respondent.

The issue is whether appellant has waived his retaining lien (1) by withdrawing as attorney for respondent when he was being supplanted by another attorney in related matters and (2) by instituting an independent suit for services rendered.

The papers which appellant was directed to relinquish consisted of pleadings and other papers in the action which ordi-

narily have no intrinsic value. Refusal to permit the new attorneys to use or inspect such papers might serve merely to impede the new attorneys in the defense of the pending suit. Nonetheless, the retaining lien which appellant possessed is a valuable right given by law to secure him for the payment of the reasonable value of the services which he had rendered as attorney in the action and for all other services rendered for the client. (*Matter of Weitling*, 266 N. Y. 184, 186; *Matter of Heinsheimer*, 214 N. Y. 361, 364, 365; *Application of Kellogg, Emery & Inness-Brown*, 33 N. Y. S. 2d 949, 953, affd. *sub nom. Matter of Inness Brown*, 264 App. Div. 852.) The lien is valuable in proportion as denial of access to the papers causes inconvenience to the client. (*In re San Juan Gold, Inc.*, 96 F. 2d 60.) A displaced attorney is thus afforded the same advantage as any other workman who is entitled to retain the things upon which he has worked, until he is paid for his work. (*The Flush*, 277 F. 25, 29.)

The law is well settled that where an attorney *without just cause* voluntarily withdraws from pending matters, he thereby forfeits his lien on the papers in the suit. However, such is not the rule where, as alleged here, the attorney had just cause for withdrawing from the relationship. (*Matter of Dunn*, 205 N. Y. 398, 401, 405; *Halbert* v. *Gibbs*, 16 App. Div. 126, 129.) On the papers submitted it would seem that appellant was justified in asking to be relieved as attorney for the respondent corporation in view of the undenied charge that he had already been superseded by another attorney in closely connected affairs.

Nor do we think that appellant forfeited his retaining lien by suing his former client for his compensation. The argument advanced by respondent in support of the Special Term's ruling is that by instituting the action for services, appellant thus made it impossible for any court, other than the one deciding the independent suit, to determine the fees to which the appellant might be entitled. That contention is irrelevant to the precise issue before us. No affirmative step other than the plenary suit could have been taken by appellant to enforce payment for his services. The retaining lien which appellant possessed here is merely the passive right to hold the papers until his fees are all paid. It confers no further rights upon appellant and cannot be actively enforced. (*Matter of Sebring*, 238 App. Div. 281, 286; *Matter of Makames*, 238 App. Div. 534, 536; 7 C. J. S., Attorney and Client, § 233.) Appellant had only a retaining lien. He was representing respondent as a defendant

in a cause where apparently no counterclaim had been filed; he had no charging lien. Hence, he could not have made an application under section 475 of the Judiciary Law. Even where an attorney has a charging lien and the amount thereof is summarily fixed pursuant to section 475 of the Judiciary Law, his retaining lien is not thereby extinguished but remains in effect until the fee as fixed is paid or security is given. (*Leviten* v. *Sandbank,* 291 N. Y. 352, 357.)

The general or retaining lien is dependent upon possession (*Robinson* v. *Rogers,* 237 N. Y. 467, 470) and once the papers are surrendered the lien is lost. However, it is now settled that the courts have the power to compel delivery of papers before payment of fees upon giving of security. (*Leviten* v. *Sandbank, supra,* 357; *Robinson* v. *Rogers, supra,* 473; *Fitzsimmons* v. *Long Island Lighting Co.,* 251 App. Div. 395, 399.)

In the circumstances of this case, we think the appellant should not have been required to turn over the papers in his possession unless respondent was directed to furnish to appellant proper security for his compensation. As the record does not state any facts which suggest what would be adequate security, the court should receive from the parties proof by affidavit as to the nature, extent and value of the services. The amount of the security thus to be determined is, of course, without prejudice to the rights of either party on the trial of appellant's plenary suit. How much appellant is entitled to recover, if he establishes his cause of action, must be decided in that litigation.

The order, so far as appealed from, accordingly should be modified by granting the motion upon condition that respondent furnish proper security for the payment of appellant's fees, and as so modified affirmed, with $20 costs and disbursements to the appellant, and the matter is remitted to the Special Term to fix the amount of the security in accordance with the foregoing opinion.

Martin, P. J., Townley, Glennon and Dore, JJ., concur.

Order so far as appealed from, unanimously modified by granting the motion upon condition that respondent furnish proper security for the payment of appellant's fees, and as so modified affirmed, with $20 costs and disbursements to the appellant, and the matter remitted to the Special Term to fix the amount of the security in accordance with the opinion of this court. Settle order on notice.