Sharon Levine, Plaintiff, v. Harvey H. Levine, Defendant.

Supreme Court, Special Term, Queens County, September 27, 1954.

*David R. Haber* and *Lawrence H. Levinson* for plaintiff.

*Maggin & Swan,* former attorneys for plaintiff.

Colden, J. The plaintiff, in an action for a separation, moves for an order substituting her attorneys of record and to direct them to turn over to her new attorney all data, papers, records, exhibits and pleadings now in their possession pertaining to the aforesaid action. She contends that inasmuch as it was agreed originally by her former attorneys that they would look to the defendant for remuneration for their services rendered to her in such action and they later agreed to sue him for said services as necessaries, they have neither a charging nor a retaining lien. The former attorneys contend that since they have been replaced without cause, they are not limited to recover under the original understanding, but are entitled to recover from their client the reasonable value of the services rendered by them up to the time of their discharge.

A retaining lien is confined to the property in the possession of the attorney and is entirely distinct from an attorney's lien created by section 475 of the Judiciary Law upon " his client's cause of action " and which attaches to a " judgment * * * in his client's favor, and the proceeds thereof in whatever hands they may come " (*Matter of Cooper [McCauley]*, 291 N. Y. 255, 260). Since this is a matrimonial action which, if successful, will result in a decree of separation with suitable support for the plaintiff in the form of alimony, the claim of the plaintiff's former attorneys to a charging lien thereon must yield to the public policy of this State, pursuant to which alimony is not subject to an attorney's lien. As was stated in *Turner* v. *Woolworth* (221 N. Y. 425, 429–430): " The purpose of alimony is support. Equity, which creates the fund, will not suffer its purpose to be nullified. * * * In such circumstances, equity, confining the fund to the purposes of its creation, declines to charge it with liens which would absorb and consume it (*Romaine* v. *Chauncey,* 129 N. Y. 566, 572; *Matter of Brackett,* 114 App. Div. 257; *Jordan* v. *Westerman,* 62 Mich. 170; *Matter of Williams,* 206 N. Y. 32).''

In pursuance of this policy our courts have held that an agreement between a wife and her attorneys in a matrimonial action, giving them a percentage or any part of her alimony, is void as against public policy. (*Matter of Brackett,* 114 App. Div. 257; affd. 189 N. Y. 502; *Matter of Dangler,* 192 App. Div. 237; *Van Vleck* v. *Van Vleck,* 21 App. Div. 272.) This principle applies with equal force to a lump sum settlement in lieu of all future alimony. (*Dougherty* v. *Burger,* 133 Misc. 807.)

The question then remains whether under the circumstances presented here the plaintiff's former attorneys have a retaining lien upon the pleadings and other papers in the action. It has been held that while such pleadings and papers ordinarily have no intrinsic value and refusal to permit the new attorneys to use or inspect them might serve merely to impede such new attorneys in the prosecution of the pending suit, nonetheless, the retaining lien on such papers " is a valuable right given by law to secure * * * [the attorney] for the payment of the reasonable value of the services which he had rendered as attorney in the action and for all other services rendered for the client. * * * A displaced attorney is thus afforded the same advantage as any other workman who is entitled to retain the things upon which he has worked, until he is paid for his work.'' (*Goldman* v. *Rafel Estates,* 269 App. Div. 647, 648–649.)

It is the general rule that after an attorney has been dismissed by his client, as here, without cause, the terms of the **retainer** contract no longer apply. As was stated in *Matter of Montgomery* (272 N. Y. 323, 327): " Why should the attorney be bound by the contract which the client has voluntarily canceled and is no longer bound by?" In *Brown* v. *Brown* (272 App. Div. 936), the plaintiff in a separation action against her husband moved to substitute attorneys and to direct her former attorneys to turn over all papers, pleadings, etc. Unlike the case at bar, the plaintiff in that action had agreed to pay her former attorneys the sum of $400 in installments, in accordance with a certain schedule, with the proviso " that if after the trial, the court makes an award for counsel fees, that you are to retain as and for further counsel fees any sum so awarded in excess of $400. and I am to be credited with any sum up to $400." (*Brown* v. *Brown,* 272 App. Div. 936, *supra,* record on appeal, fol. 106.) As of the time of the motion for the substitution of attorneys $100 had been paid in accordance with the foregoing schedule, but the outgoing attorneys contended that they were, in view of their discharge, entitled to the reasonable value of their services which they claimed at that time amounted to $750 besides disbursements in the sum of $11. Special Term granted the motion and directed the former attorneys to turn over the papers in their possession, without requiring any additional payment of counsel fees, upon the ground that the attorneys had been paid the amount stipulated in the agreement for their services to date and that no further sums were due them. The Appellate Division, Second Department, modified the order below to the extent of awarding the outgoing attorneys an additional counsel fee of $350, observing (pp. 936–937): " The Special Term erroneously concluded that appellants were limited by the provisions in the retainer agreement in seeking compensation for their services, upon their discharge by plaintiff, without fault on their part. The law is to the contrary. The appellants were **entitled to recover '** * * * on quantum meruit the fair and reasonable value of the services rendered * * * [and] the contract having been canceled, it could not limit the amount of the recovery * * *.' (*Matter of Montgomery,* 272 N. Y. 323, 326–327.) " Thus the attorneys to be substituted received a total compensation in the sum of $450 less $11 for disbursements or $39 in excess of what the plaintiff herself had originally agreed to pay them.

The principle established by the *Brown* case (*supra*) is applicable with equal force to the facts at bar. Having discharged her

former attorneys without cause, the retainer arrangement between the plaintiff here and her attorneys came to an end and they are entitled to the possession of all data, papers, exhibits and pleadings in connection with the action until the reasonable value of the services they rendered for the benefit of the plaintiff up to the date of their discharge by her has been paid or secured. The court finds upon a consideration of the services described in the opposing affidavit that the reasonable value thereof is $500. Accordingly the motion is granted and the former attorneys for the plaintiff are directed to turn over the papers to the plaintiff or her new attorney upon the payment of said sum of $500 or, in the alternative, upon the furnishing of security therefor. Settle order on notice.