Samuel H. Hofstadter, J.
The action is for a separation. On this application plaintiff wife seeks an order substituting Saul 0. Kauder, Esq., as her attorney in place and stead of Paltrow & Jensen, and directing the latter to deliver all papers in the action in their possession to superseding counsel.
This action was commenced about August 31, 1956, at which time plaintiff was represented by the firm of Lyman & Tenenbaum. By order dated October 10, 1956, the late Justice Lynch fixed temporary alimony at $50 per week and counsel fee at $500. Thereafter Paltrow & Jensen were substituted for Lyman & Tenenbaum, at which time it was agreed by plaintiff and all attorneys that $250 would be paid to the superseded attorneys upon the conclusion of the case. To date, defendant husband has paid only $250 of the $500 counsel fees required by the order of October 10, 1956.
Paltrow & Jensen have submitted a lengthy affidavit detailing their expenditures and asking for a fee of $1,000, out of which they propose to pay the $250 due by the previously mentioned agreement to Lyman & Tenenbaum.
From this limited delineation of the facts it becomes apparent that within 13 months from the institution of the action plaintiff will have had, if her present application for substitution is granted, the services of three different counsel. With the number of substitutions of legal talent plaintiff feels herself entitled to make, this court is powerless to interfere, because of the settled rule of our New York courts that a client may at any time, for any cause or for no cause whatsoever, discharge her attorneys (Matter of Montgomery, 272 N. Y. 323, 326; Matter of Dunn, 205 N. Y. 398; Matter of Lydig, 262 N. Y. 408). The rule is stated succintly in Matter of Lydig (supra): ‘ ‘ A client has an absolute right to discharge his attorney with or without cause at any time so that we must grant the motion for substitution and make the order accordingly” (p. 409). Such are the rights of the wife with reference to substitution.
Concerning the rights of a husband with regard to substitution of attorneys in a matrimonial action, a modern text writer has said:
“ The wife is entitled to reasonable and adequate legal representation, but not to a shifting galaxy of legal talent at her husband’s expense.” (3 Nelson on Divorce [2d ed.], § 29.05, p. 216.) Research indicates that New York authorities are in substantial accord with this general statement. The *614 language of Cardozo, J., in Turner v. Woolworth (221 N. Y. 425, 428) is applicable :
“On motion of the wife in * * * the suit for separation, the court fixed the fees which the husband was to pay. She chose her tribunal and her remedy. The award then made became, with the costs of the action, the measure of her rights and of her husband’s obligation. There was ample power to increase the award, if thereafter it appeared to be inadequate. * * * But until increased, the award was final. ”
A factual situation similar to the Turner case confronts this court now. Up to the present time no increase has been sought in the allowance fixed by Lynch, J. Until such increase is applied for and obtained, the terms of that order measure the liability of the husband (Turner v. Woolworth, supra). In the present situation, therefore, the husband has no financial concern. A discussion of the husband’s rights is not inappropriate, however, in view of the wife’s assertion in her affidavit on the prior application to fix counsel fees that she has no means of support and it is apparent that any remedies to be applied in favor of outgoing counsel must be considered as being against the wife only.
Research has uncovered no case exactly in point. In Levine v. Levine (206 Misc. 884) there was a retainer arrangement whereby the attorneys for plaintiff wife undertook to look to the defendant husband for remuneration. The court held the retainer having been terminated by the wife’s discharge of her attorneys, said attorneys were entitled to possession of all papers, etc. in connection with the action until the reasonable value of their services to the date of their discharge by her had been paid or secured. The court granted the motion for substitution and the outgoing attorneys were directed to turn over the papers to plaintiff or her new attorney on payment of $500, or in the alternative, upon the furnishing of security therefor. In Brown v. Brown (272 App. Div. 936) a retainer was also held to be no longer effective and quantum meruit was applied as the rule of compensation.
The conclusion drawn from the cases examined is (1) there can be no charging lien imposed upon any fund, as the only fund which can possibly come into being is alimony, and this is untouchable as matter of public policy (cf. Turner v. Woolworth, supra, pp. 429-430). (2) The retaining lien on papers, etc., in the hands of the outgoing attorneys can be asserted only against the wife; and (3) The measure of the award to be granted the outgoing attorneys is to be determined on the basis *615 of quantum meruit because the discharge is without cause, so far as appears from the papers submitted on this application.
Accordingly the motion is granted and the former attorneys for plaintiff are directed to turn over the papers to plaintiff or her new attorney, upon payment of $750, the amount fixed as the value of the outgoing attorneys’ services, or, in the alternative, upon the furnishing of' security therefor. Settle order.