Harry B. Frank, J.
Plaintiff attorney seeks to recover from the defendants husband and wife, on his own behalf and that of his law firm, who are coplaintiffs herein, the reasonable value of legal services rendered by them to the defendant wife during the period from November 13,1956, when they were first retained, to July 27, 1957, when they were discharged by her. For convenience, the court will refer hereafter to the plaintiffs as the plaintiff.
From November 13, 1956 up to May 3, 1957, the plaintiff rendered to the defendant wife “advice and professional services with respect to her marital rights and relations.” (The matter quoted herein is from the attorney’s affidavit in opposition to the motion for a substitution, sworn to August 2, 1957.)
On May 3, 1957, a separation action was commenced by the husband, and plaintiff attorney represented the defendant wife in that action up to the date of his discharge. At the time of his discharge, a motion for temporary alimony and counsel fees was pending on the calendar in the action brought by the husband against the wife, in which action affirmative defenses and counterclaims had been interposed on behalf of the wife.
*903 After plaintiff’s discharge by the defendant wife, a motion was made in the matrimonial action by the new attorney, for an order substituting him as the new attorney and to have the papers, records, pleadings, etc., in plaintiff attorney’s hands turned over.
In his opposing affidavit on that motion, the plaintiff attorney conceded the right to be discharged “provided that the usual and proper protection is afforded to me and my firm for the quantum meruit fees due us for services rendered to said Rita Lesley to the date of our discharge, and disbursements incurred and paid out on her behalf by us.” (Affidavit sworn to August 2,1957.) Annexed to this affidavit was a detailed schedule covering in detail all the services rendered by plaintiff-attorney and his firm from the period from November 13, 1956, when first retained, up to July 30,1957, after his discharge. In those papers plaintiff contended that the reasonable value of said services was $15,000, the amount being sued for herein.
On August 13,1957, an order was handed down by Mr. Justice Stevens in that motion. He granted the substitution, and fixed the plaintiff’s retaining lien, and determined the value of the services in the amount of $3,500.
On the same date, Mr. Justice Stevens rendered a decision in the motion for temporary alimony. In that decision, he ordered the husband to pay $5,000 to the wife on account of counsel fees. This was done, and payment was made by the husband, in accordance with the order. The wife did pay to the plaintiff attorney the sum of $1,500 on account of his claim, and the plaintiff turned over the papers held by him to defendant wife’s new attorney for the trial.
The gravamen of this action revolves about the fact that the lien for the value of services having already been determined in the matrimonial action, it is binding on the parties to that action in any other subsequent proceeding or action. (See Roulstone v. Oesterreicher, 188 Misc. 741; Leviten v. Sandbank, 291 N. Y. 352.)
The court fixing the lien in the matrimonial action had before it every service rendered by the plaintiff from the time retained to the time discharged, those very same services herein sued for. All the services rendered were related to an incidental to the actual matrimonial action, and were covered by the lien. Plaintiff had his remedy there to retain the papers until the fee for the reasonable value of his services was paid — the very reason for the existence of a retaining lien — which he chose not to do. He cannot now, because he gave up that right, relitigate de novo *904 the question, of the value of the services, for the value was determined in the prior proceeding.
An additional motion was made to dismiss the complaint, based on the inadequacy of the same, in that it did not state a cause of action; and a cross motion was made to amend the complaint, to meet the defects raised by defendant’s motion to dismiss. Since the court has decided this motion to dismiss on other grounds, this becomes academic.
Complaint dismissed.