Bernard S. Meyer, J.
Plaintiff wife in an action for separation seeks an order substituting attorneys and remanding the issue of compensation due and owing to the attorney of record to the Trial Justice. Plaintiff has an absolute right to substitute attorneys but, unless the substituted attorney has forfeited his lien by failing properly to protect his client’s rights, he is entitled to a retaining lien on all property and papers that came into his possession during the attorney-client relationship until such time as his fee is paid. The papers herein do not show that the substituted attorney has been guilty of any misconduct and he is, therefore, entitled to his lien.
The substituted attorney asks that this court fix the amount of his compensation. The court is, however, without power to do so. An attorney in a matrimonial action has only a retaining lien; he is entitled to no charging lien with respect to alimony. (Levine v. Levine, 206 Misc. 884; Kalish v. Kalish, 7 Misc 2d 612.) It does not appear to have been decided that he may not have a charging lien upon an award made specifically for the payment of counsel fees, but that distinction, if it exists, is not here material since the alimony and counsel fee motion in the instant case was referred to the trial court because “ the Court is unable to determine whether there is any probability of success.” A retaining lien is entirely distinct from the charging lien created by Judiciary Law (§ 475), is possessory only, and may not be enforced by order of court (Matter of Cooper [McCauley], 291 N. Y. 255, 260; Matter of Sebring, 238 App. Div. 281, 286; Goldman v. Rafel Estates, 269 App. Div. 647, 649) even at the behest of the client (Matter of Langhorne, 105 N. Y. S. 2d 788). While statutory authority exists in Judiciary Law (§ 475) for summary determination and enforcement of *226 a charging lien, no affirmative step other than a plenary suit can be taken by an attorney holding a retaining lien. (Goldman v. Rafel Estates, supra, p. 649.)
The court has not overlooked the fact that in Myers v. Myers (2 A D 2d 835), Brown v. Brown (272 App. Div. 936), Levine v. Levine (supra), Kalish v. Kalish (supra), Della Valle v. Della Valle (N. Y. L. J., April 30, 1959, p. 13, col. 2), and in the prior action referred to in Wolf v. Lesley (11 Misc 2d 902) liens of retiring attorneys in matrimonial actions were actually fixed. (See, also, Rothenberg, Matrimonial Allowances in New York, § 37.) In none of those cases, however, was the power of the court questioned or the limitation stated in the Cooper, Sebring and Goldman cases (supra) considered. Nor has the court overlooked cases such as Robinson v. Rogers (237 N. Y. 467, 472) and Matter of Sorin v. Shahmoon Ind. (20 Misc 2d 149, 158) holding that the court may fix the amount of security to be furnished when it orders papers held under retaining lien turned over to the client or produced pursuant to subpoena. In the face of the rule stated in Cooper, Sebring and Goldman, authority to fix security cannot be construed into power to make a binding and enforcible determination of the amount of the lien (cf. Wolf v. Lesley, supra). Neither the Judiciary Law nor the Civil Practice Act nor any general equitable power authorizes the court to fix the amount payable by the wife, nor in the present posture of the case may an order now be made requiring payment of a fee by the husband. (In the latter connection see Myers v. Myers, 5 Misc 2d 955, affd. 5 A D 2d 865, motion for leave to appeal denied 6 A D 2d 675, 5 N Y 2d 798.)
The retiring attorney may, therefore, institute such plenary action against plaintiff, defendant, or both, as he may he advised, and cannot, as plaintiff suggests, be required to await fixation of his fee by the Trial Justice. His right to a fee from the Avife accrued with his discharge and is not dependent upon plaintiff’s ultimate success. His right to a fee from the husband is, of course, dependent on plaintiff’s rights against her husband. Ultimately, therefore, the trial court may conclude that no fee can be awarded in this action. The retiring attorney may, however, if both parties agree on that procedure and the Trial Justice is willing to entertain the application, apply to the Trial Justice for fixation of his fee, and for that purpose the order to be entered hereon may provide that the retiring attorney be given notice by the incoming attorney when the case appears on the Ready Day Calendar. Should the retiring *227 attorney unduly delay institution of Ms plenary action, or should plaintiff, in order to obtain release of the property and papers retained, desire to post security, a further application may be made at the foot of the order to be entered hereon.