■ SYLVIA LASSER, Respondent, v NASSAU COMMUNITY COLLEGE et al., Defendants, and CHARLES D. MAURER, Appellant. — In an action to recover damages for defamation, plaintiff's attorney appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered May 5, 1982, which denied his application, *inter alia,* for leave to withdraw, without prejudice to renewal and refused to determine the fee he is entitled to recover. Order modified, on the law and the facts, by deleting the provision thereof denying that branch of the appellant's application seeking leave to withdraw as counsel

and substituting a provision granting that branch of the application. As so modified, order affirmed, without costs or disbursements, and without prejudice to a further application to fix a fee at the conclusion of the present litigation. Under the circumstances here present, appellant was justified in asking to be relieved as attorney for the plaintiff. Appellant was required to seek approval, as to all future actions regarding the case, of another attorney who was representing plaintiff in a closely related matter. Such a requirement, which appellant asserted he found objectionable, was tantamount to being superseded by another attorney (*Tenney v Berger,* 93 NY 524; *Matter of Dunn,* 205 NY 398; *Goldman v Rafel Estates,* 269 App Div 647). The retainer agreement is ambiguous as to when appellant's fee was due, and it would thus be appropriate to postpone the fixing of any fee until the present litigation is finally resolved. Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.