BERNARD WAXSTEIN et al., Doing Business as WAXSTEIN & GELBMAN, Plaintiffs, *v.* MAITLAND BRENHOUSE, Defendant.

Supreme Court, Special Term, Westchester County, September 24, 1954.

*Waxstein & Gelbman,* plaintiffs in person.

*Sam Eisenberg* for defendant.

GALLAGHER, J. Motion for summary judgment by plaintiffs, in an action against husband of a former client for fees for representing the wife in a separation action. The separation action was tried in this court and fees of plaintiffs herein, as attorney for plaintiff therein, were set at $11,000. This sum the husband has not paid. He originally appealed from the order setting the fee, but did not prosecute the appeal and it has been dismissed. Plaintiffs moved in this court, in the separation action, to fix the amount of their attorney's lien and for a personal judgment against the husband in that action. The amount of the lien was set at $11,000 but. the court, by Mr. Justice BAILEY, denied the right to enter a personal judgment in the separation action. Plaintiffs also moved in this court, still in the separation action, to enter a money judgment on behalf of the wife for the legal fees and for execution. This was denied by Mr. Justice BRENNAN on the ground that the wife did not authorize the application, the court referring to the fact that plaintiffs have brought the instant action, " the only remedy available to them ".

The instant complaint has two causes of action, the first for $11,000 on the theory of the foreclosure of the attorney's lien, and the second a common-law action for necessaries furnished the wife to the extent of $25,000. Defendant pleads several defenses, the essence of which is that the first cause of action falls because of the decisions of Justices BAILEY and BRENNAN, referred to above. Those decisions were in motions in the separation action, and held only that the respective reliefs sought could not be granted in that action.

That a common-law action of this type can be maintained has been decided in many cases. (*Naumer* v. *Gray,* 28 App. Div. 529; *Holt* v. *Carr,* 170 Misc. 32; *Weidlich* v. *Richards,* 276 App. Div. 383.) But defendant maintains that the award for legal

services is to the wife, that if she pursues her remedy in the matrimonial action, there is an election, and that a later action cannot be brought for necessaries. They rely primarily on *Turner* v. *Woolworth* (221 N. Y. 425, 428). In that case there had been an award for services in the matrimonial action, and plaintiff, attorney's assignee, sued for a larger sum. Judge CARDOZO there stated, "On motion of the wife in the divorce suit and again in the suit for separation, the court fixed the fees which the husband was to pay. She chose her tribunal and her remedy. The award then made became with the costs of the action, the measure of her rights and of her husband's obligation. * * * the award was final. Counsel were no longer at liberty, disregarding the limit of the orders, to hold the husband to his common-law liability for necessaries furnished". The court modified the action of the lower courts to limit the award to the amount of fee formerly awarded in the matrimonial action, and as modified, affirmed the judgment. Thus, it would appear that the plaintiffs here have a good cause of action to the extent of the award for services set in the matrimonial action. This amount is confirmed by the fixing of the amount of the lien by Judge BAILEY. The amount of the lien, once fixed in the matrimonial action, is binding on the parties to that action in any other subsequent proceeding or action. (*Roulstone* v. *Oesterreicher,* 188 Misc. 741.) Motion by plaintiffs for summary judgment granted in the sum of $11,000. Submit order on two days' notice.