OPINION OF THE COURT
Arthur E. Blyn, J.
Motion No. 37 on the calendar of June 29, 1978, by plaintiff for a substitution of attorneys, is consolidated for the purpose of disposition with Motion No. 40 on the calendar of July 13, 1978 by the outgoing attorney ("Schwartz”) to impose certain conditions upon the substitution.
Initially, it is noted that the original substitution motion also contained a request for a turnover of plaintiff’s file from Schwartz. That prayer for relief was withdrawn by the incoming attorney ("Shafran”) upon the submission of that motion.
Prior to plaintiff having discharged Schwartz (apparently without cause), this court by order entered February 17, 1978 had awarded his firm $3,500 temporary counsel fees to be paid in installments. Leave was granted to request additional fees at the time of trial. In the affirmation submitted on that motion Schwartz made the statement that his firm agreed with plaintiff to look exclusively to the defendant for payment of any fees. Defendant paid $500 as against the first install *931 ment due of $1,750. By decision/order dated April 13, 1978 this court granted plaintiff a money judgment which included the $1,250 balance due on the first installment of counsel fees.
No one opposes the relief sought in the original motion for substitution and it is granted.
The difficulty arises from the conditions sought to be imposed thereon by Schwartz. He asks for an immediate determination of the amount of his former firm’s lien without prejudice to the commencement of a plenary action against both plaintiff and defendant. As to the amount of the lien, he argues the temporary counsel fee award is not binding. Defendant contends that Schwartz’ lien has already been fixed in the sum of $1,750, the first installment of the temporary award, and he may not seek further sums against defendant, either by way of fixing the lien or by a plenary action. Shafran’s (the incoming attorney) position is that while plaintiff has no objection to the immediate hearing requested by Schwartz, she does object to the commencement of a plenary action.
As can be gleaned from the foregoing factual recitation, there are many permutations and combinations of facts dealing with substitution of attorneys and their liens upon being relieved in matrimonial actions presented by these motions. Any analysis must begin with the basic principle that a client has the absolute right to change attorneys. If the attorney is discharged without any misconduct on his or her part, or voluntarily withdraws for just cause, counsel has a lien. There are two types of liens: The general possessory retaining lien established by common law allowing an attorney to keep a client’s papers or assets until his or her legal fee is paid, and the charging or special lien, originally also a common-law right but then statutorily established, against moneys recovered for a client by the attorney’s efforts in litigation (Judiciary Law, § 475).
Where an outgoing attorney asserts a retaining lien for legal services rendered, refuses to release the papers in his possession, and the client requests a court order for the turnover of such papers, that attorney is entitled to a summary determination fixing the value of the services and that sum must be paid or otherwise secured before any turnover may be enforced (Yaron v Yaron, 58 AD2d 752; Ryan v Ryan, 24 AD2d 1010). It would appear that in the absence of a prayer for turnover relief the outgoing attorney with a claim *932 for compensation for services rendered is not entitled to a summary determination (a hearing) of the value of his services (Shatzkin v Shahmoon, 19 AD2d 658; Schwartz v Schwartz, 25 Misc 2d 225), although (s)he is entitled to a confirmation that (s)he has a charging lien.
Although it has long been established that a charging lien does not attach to an award of alimony (Turner v Woolworth, 221 NY 425, 429-430) nothing in section 475 of the Judiciary Law precludes the enforcement of such a lien upon an award of counsel fees to the client or to subsequent counsel. The Appellate Division, First Department, in Goldenstein v Goldenstein (28 AD2d 962), while essentially concerned with a retaining lien, recognized the existence of a charging lien as a first lien upon any award of counsel fees to the wife in that action. (See, also, Schwartz v Schwartz, supra.)
The existence of either lien does not preclude the outgoing attorney from commencement of a plenary action against either the wife or the husband or both. (Goldman v Rafel Estates, 269 App Div 647; Schwartz v Schwartz, supra; Waxstein v Brenhouse, 206 Misc 707.)
The question is presented at bar as to the impact of an award of temporary counsel fees prior to discharge or withdrawal on the foregoing legal principles. Of course, the outgoing attorney has a charging lien thereon and if retention of papers is an issue, a retaining lien. More perplexing is whether the outgoing attorney’s lien may exceed the amount of the award and at what point in time the determination of the amount of the charging lien should be made.
There is little doubt that once an award of counsel fees is made to a wife, that is the measure of the husband’s liability to her for counsel fees (Turner v Woolworth, supra; Wood v Wood, 21 AD2d 627; Waxstein v Brenhouse, supra). This is true even in the case of a pendente lite award apart from the granting of leave to apply to the trial court for additional fees (Kalmanash v Niver, 110 NYS2d 205 [Appellate Term, First Department], and cases cited therein). Nonpayment by the husband does not alter the effect of the award and does not bar a plenary action by an outgoing attorney.
The outgoing attorney, however, may assert his charging lien against any further counsel fee awarded at the conclusion of the litigation. As the court stated in Myers v Myers (5 Misc 2d 955, affd 5 AD2d 865, mot for lv to app den 6 AD2d 675, 5 NY2d 798), although denying a further counsel award beyond *933 the temporary award to a wife against a husband at the time of fixation of the outgoing attorney’s retaining lien, the court at page 958 of the Miscellaneous citation said: "In the circumstances, she is not, at this time and on this motion, entitled to an additional allowance for counsel fee from the defendant— whatever may be determined by the trial court as to the balance (if any) of counsel fee required to be paid by him after the presentation of full proof upon the trial in accordance with the reservation in the first order of the court, made on the motion for temporary relief’. (See, also, Goldenstein v Goldenstein, 28 AD2d 962, supra; Schwartz v Schwartz, 25 Misc 2d 225, 226, supra.)
Applying the foregoing principles to the applications before the court, the court proceeds to determine the applications before it. Shafran is ordered substituted in place and stead of Schwartz as attorney for the plaintiff. Schwartz has a charging lien on all sums awarded and to be awarded, or payable as part of any settlement, as counsel fees to plaintiff or her attorneys in this action, the amount thereof to be determined by the trial court or if settled prior to trial at a hearing. Schwartz shall be served with a copy of any note of issue filed herein. He is at liberty to commence a plenary action subject to the limitations hereinabove set forth as well as the effect of the retainer arrangements with the plaintiff.