■ JAMES BUTLER, as President of New York City Department of Hospitals, Local 420, AFSCME, AFL-CIO, Appellant, v DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, et al., Respondents.—Order entered in Supreme Court, New York County, May 24, 1979, which granted defendants' motion to compel plaintiff to appear for an examination before trial pursuant to the defendants' notice of deposition dated April 13, 1979, unanimously affirmed, without costs. Plaintiff is directed to submit to examination pursuant to the notice within 20 days after service of a copy of this order with notice of entry, at a time and place to be agreed upon by the parties. Order entered in Supreme Court, New York County, May 24, 1979, denying plaintiff's motion for a protective order directing that plaintiff not comply with defendants' demand for the production of documents upon such examination before trial pursuant to defendants' notice of deposition dated April 13, 1979, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs, and plaintiff's motion granted, without prejudice to the service of a proper notice. A notice of examination before trial may properly require the production of books, papers and other things material and necessary in the prosecution or defense of the action to be marked as exhibits and used at the examination (CPLR 3101, 3111). A blunderbuss notice does not comply with the statutory requirement. As even a cursory examination of the notice here involved demonstrates, it is palpably improper. The notice provides as follows: "All documents pertaining to the financial affairs of New York City Department of Hospitals Local 420 for the years January 1, 1976 to April 10, 1979 and all minutes of the Executive Board of the said Local 420, for the period January 1, 1976 through April 10, 1979. 'Documents' means originals, or copies when originals cannot be found, of graphic or aural records of any kind in the possession, custody or control of plaintiff, Local 420 or any officer, director, member, employee or agent of Local 420. 'Document' includes but is not limited to letters; memoranda; correspondence; mailing lists; membership lists, envelopes; interoffice and intraoffice communications, handwritten notes; books; reports; summaries; studies; pamphlets; bulletins; worksheets; notices; agenda and minutes of meetings; records or notes of telephone conservations, telephone calls, meetings or other communications; calendars; diaries; appointment books; graphs; charts; maps; tabulations; ledgers; financial statements; agreements; contracts; telegrams; telefax copies; photostats; microfilm; microfiche; audio or video tape or disc recordings; punch cards or other machine-readable media; and computer printouts. 'Documents' also includes copies of any documents that are not identical duplicates of the original. 'Minutes' includes all minutes, whether or not typewritten, approved, official or finalized." We cannot conceive of a more oppressive and burdensome notice. It is patent that it seeks an improper wholesale fishing expedition of the files and records of the union, including every scrap of paper, note or memorandum.

Attempts to designate documents by the use of the phrase "All" are plainly improper. *(City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Wood v Sardi's Rest. Corp.,* 47 AD2d 870). The vice is compounded here by the detailed listing. No party and no court should be required to undertake the task of pruning such a notice to manageable proportions. Defendants are entitled to the production of books and records material and necessary in the prosecution and defense of the action. As noted in *Rios v Donovan* (21 AD2d 409) there is a distinction between disclosure by discovery and inspection sought pursuant to CPLR 3120 and the limited discovery available under CPLR 3111. As set forth in that case and others, a party seeking discovery and inspection should initially make use of the deposition and related procedures provided for in the CPLR to ascertain the existence of the appropriate documents and then serve a notice of discovery with the proper specificity *(City of New York v Friedberg & Assoc., supra; Wood v Sardi's Rest. Corp., supra; King v Morris,* 57 AD2d 530). The shotgun approach employed by defendants was improperly sustained by Special Term. Concur—Kupferman, J. P., Birns, Fein, Sandler and Markewich, JJ.