■ ACCIAIERIE E. FERRIERE LOMBARDE FALCK S.P.A., Appellant, v PETE SUBLETT AND COMPANY, Respondent. — Order, Supreme Court, New York County, entered January 8, 1980, reversed, on the law and the facts, and the motion of defendant-respondent to dismiss the complaint for lack of jurisdiction unanimously denied, with costs and disbursements. Defendant-respondent has sufficiently projected itself into this State in connection with the subject matter of the litigation to have conferred jurisdiction on our courts. In addition, it still has on file a certificate of doing business here, and has designated the Secretary of State its agent to accept service of process in its behalf. (See *Pohlers v Exeter Mfg. Co.,* 293 NY 274.) Concur — Kupferman, J. P., Sandler, Markewich, Bloom and Yesawich, JJ.

■ RAMONA MATOS, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant. — Order, Supreme Court, New York County, entered September 18, 1979, which required defendant New York City Housing Authority to produce available records concerning complaints for the five-year period prior to the accident with respect to the particular stove model involved in the accident for all authority projects, unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of limiting discovery to records of complaints about the particular stove model involved in the accident for the three-year period prior to the accident, and limited to such stoves installed in Vladek Houses, the project wherein the accident occurred, and, as so modified, affirmed, without costs and disbursements. On March 30, 1975, a kitchen stove in the Vladek Houses project, managed by defendant New York City Housing Authority, exploded in the apartment occupied by plaintiff, thereby injuring her. Plaintiff sought discovery in connection wth a deposition with respect to reports and complaints received by the authority regarding any stove which may have been involved in similiar accidents. Such discovery, unlimited in time and place was clearly too broad. Plaintiff is entitled to reasonable discovery, that is, to discover complaints, if any, made to the authority respecting the same stove model for a reasonable period prior to the accident, which period under the circumstances herein we set at three years. Further, the project wherein the accident occurred contains 1,771 apartments, and the same parameter of reasonableness requires on this record limiting discovery to this housing project. To require production of complaints with respect to all of the authority's projects is, at this stage, burdensome and oppressive. A blunderbuss approach to discovery seeking a wholesale fishing expedition is improper (see *Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO,* 72 AD2d 720). Concur — Sullivan, J. P., Markewich, Lupiano, Silverman and Carro, JJ.