■ ANN MELNICK, Appellant, v STEVEN MELNICK, Respondent. — Order, Supreme Court, New York County (Gomez, J.), entered April 10, 1981, denying plaintiff's motion for a protective order, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and said protective order is granted, to the extent of vacating the demand for production of documents as set forth in a rider annexed to defendant's notice to take deposition upon oral examination dated November 26, 1980, without prejudice to a requirement that plaintiff shall produce books and records material and necessary in the prosecution and defense of the action. Order, Supreme Court, New York County (Gomez, J.), entered May 14, 1981 granting defendant's motion to resettle an order of February 3, 1981, fixing the amount of support for the children of the parties, is unanimously affirmed, without costs. Order, Supreme Court, New York County (Gomez, J.), entered June 23, 1981 "granting" plaintiff's motion for an order punishing defendant for contempt of court and for leave to enter a money judgment to a limited extent only, is unanimously modified, on the law and the facts, and in the exercise of discretion, without costs, to the extent of remanding the matter for a hearing to determine whether defendant is in arrears in the payment of alimony and child support, and, if so, whether a judgment for such arrears should be granted, or the defendant punished for contempt of court, or both. As to the first above order, the notice of oral deposition requires plaintiff to produce on that deposition papers from the years 1966 to date, as set forth in a two-page rider annexed thereto containing 19 items. The rider is in the most general form, apparently intended to be used in any matrimonial action. For the most part, it is wholly inapplicable to the plaintiff, a housewife. No documents are specified except in the most general terms like "[a]ll savings bank books", "[a]ll records, papers, and memoranda concerning all checking accounts", "[a]ll books, records, accounts, monthly statements" of stock brokerage accounts, etc. On an oral examination, the examining party is entitled to have produced books and records material and necessary in the prosecution and defense of the action. (CPLR 3111; *Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO*, 72 AD2d 720.) While the documents need not be stated with the specificity required on discovery and inspection, it has been said the description should be "as detailed as is reasonable to expect under the

circumstances". *(Orange & Rockland Utilities v Town of Clarkstown,* 64 AD2d 919, 920.) On such examinations it is quite common merely to require production in the statutory language of CPLR 3111, i.e., "books, papers and other things in the possession, custody or control of the person to be examined to be marked as exhibits, and used on the examination." *(J. K. Sales v Coburn Corp. of Amer.,* 33 AD2d 514.) This court has said specification of documents for use on oral examination "is not generally necessary * * * The witnesses produced by respondents should, however, produce for use on their examination such books and records as are available and as are necessary to enable the witnesses to properly depose on matters relevant and material in the prosecution of the action." *(Supra.)* However, the present notice, with its purportedly detailed but meaningless specification of documents, for the most part wholly inapplicable to this situation, is exactly the kind of thing which this court found improper in *Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO* (72 AD2d 720, *supra).* As to the resettlement, Special Term was in the best position to know whether it intended in its earlier decision to award $160 per week per child or $160 per week for all three children. As we have often said, the most appropriate remedy for a party claiming to be aggrieved by an interim award of support is to press for an early trial. On plaintiff's motion to enter judgment for arrears and to punish defendant for contempt, the court merely directed "that if defendant, is entitled to credits for voluntary payments in excess of any amounts due, he is not required to make any payments on account of alleged arrears pro tanto." The evidence of such voluntary payments appears to be primarily an unsworn and disputed letter from defendant's attorney to the court. The parties are entitled to a definitive adjudication as to whether there are arrears, and, if so, whether and to what extent plaintiff is entitled to a money judgment for such arrears, or to have the defendant held in contempt of court. Concur — Kupferman, J. P., Birns, Ross, Lupiano and Silverman, JJ.