■ DANIEL MARI, Appellant, v MARY G. STRATER, Respondent. — Order, Supreme Court, New York County (Henry Williams, J.), entered October 20, 1981, which, *inter alia,* denied plaintiff's motion for a protective order pursuant to CPLR 3103, unanimously modified, on the law, without costs, to the extent of granting the motion for a protective order, vacating the notice to produce annexed as a rider to the cross notice to take plaintiff's deposition, and in the event defendant is successful in establishing the existence of a matrimonial cause of action, without prejudice to defendant proceeding to obtain production of relevant documents by service of a proper notice to produce, which identifies the documents and records required with reasonable particularity, and otherwise affirmed. In this action plaintiff seeks a judgment, pursuant to CPLR 3001, declaring that the parties are not and never have been married to each other. Defendant answered interposing four counterclaims, seeking, *inter alia,* an absolute divorce premised upon plaintiff's continuing adultery and cruel and inhuman treatment and, in addition, an equitable distribution of the marital assets. The matrimonial counterclaims are founded upon defendant's assertion that there existed a common-law marriage as a result of the parties having lived together and holding themselves out as husband and wife in Atlanta, Georgia, in June of 1977. Upon this basis, defendant sought production of a wide range of documents and records pertaining to plaintiff's finances, by service of a five-page rider annexed to defendant's cross notice to take plaintiff's deposition, containing 23 categories of documents to be produced. Included was a broad and blanket demand for production of "any and all" bank statements, stock records, income tax returns, trust agreements, insurance policies, safe deposit box records, and records reflecting any transfer of assets. Special Term denied the motion which sought vacatur of the notice as an overly broad and unnecessarily vague request for disclosure,

lacking in required particularity. Compulsory disclosure of financial information is authorized in matrimonial actions where alimony, maintenance or support is in issue (Domestic Relations Law, § 236, part B, subd 4; *Billet v Billet,* 53 AD2d 564). Such disclosure may be obtained through the official statement of net worth to be filed by the parties, and by the disclosure devices provided in CPLR article 31. (*Schiffman v Schiffman,* 64 AD2d 651, app dsmd 45 NY2d 836; *Garrel v Garrel,* 59 AD2d 885.) Nevertheless, the right of the parties to pretrial disclosure with respect to income and financial matters may be appropriately conditioned or limited in a proper case "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." (CPLR 3103, subd [a]; *Billet v Billet, supra; Kaywood v Kaywood,* 75 AD2d 805.) Under the facts of this case, we find that Special Term abused its discretion in denying the motion for a protective order. The declaratory relief sought by plaintiff places in issue whether or not these parties were married to each other, which, in turn, is a necessary prerequisite to the matrimonial relief sought by defendant. The relevance of the financial information to the counterclaims depends upon final disposition of plaintiff's action for declaratory judgment. Under the peculiar facts presented, until that issue is resolved and the existence of a marital relationship established, defendant may not secure production of the detailed financial records and information sought herein. The situation posed is analogous to that which exists in an action for an accounting, where we have held that discovery with respect to details as to the amount alleged to be due must await the establishment of the party's right to an accounting, i.e., that a cause of action exists (*Goldman v Salzberg,* 45 AD2d 680; *Barnett Robinson, Inc. v F. Staal, Inc.,* 43 AD2d 826; see, also, *Morone v Morone,* 85 AD2d 768). Moreover, the notice served here is palpably deficient, in that every one of the 23 categories lacks the required specificity, with no attempt made to specifically designate the documents to be produced with required particularity (see *Rios v Donovan,* 21 AD2d 409; *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Butler v District Council 37, Amer. Federation of State, County & Municipal Employees, AFL-CIO,* 72 AD2d 720). Even assuming that defendant establishes the propriety of the matrimonial relief sought, the "shotgun" approach to discovery used here is improper and wholly inconsistent with approved practice, which requires a party to ascertain the existence of identifiable documents by the conduct of necessary examinations to aid in framing a notice with sufficient and required particularity. The relevant CPLR provisions do not exempt matrimonial actions from compliance with appropriate procedures; nor does the blunderbuss demand served here, clearly a wholesale fishing expedition, adequately meet requisite CPLR standards. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Kassal, JJ.