■ RICHARD PETTY, Appellant, v RIVERBAY CORPORATION, Respondent. — Order, Supreme Court, Bronx County (Callahan, J.), entered August 30, 1982, which partially granted defendant's motion for a protective order vacating portions of plaintiff's cross notice to take defendant's deposition upon oral examination, unanimously modified, on the law, only to the extent of expand-

ing the time period for production applicable with respect to Items Nos. 1, 2, 6 and 7 to the period three years prior to October 24, 1980, the date of the alleged assault, and further extending production as to said items to the building in Co-op City located at 140-20 Benchley Place, Bronx, New York, where the alleged assault took place as well as two buildings adjacent thereto and otherwise affirmed, without costs or disbursements. The action is brought to recover for injuries allegedly sustained from an assault which occurred in the elevator at 140-20 Benchley Place. The complaint charges a breach of duty by defendant in failing to provide adequate security in the building, which permitted an intruder to enter. In conjunction with a notice to examine defendant, plaintiff, *inter alia,* sought production of records of assaults committed within Co-op City prior to the date of the injuries sustained by plaintiff; records pertaining to actions commenced wherein it was alleged that injuries resulted from a failure of the door-locking system of the building; bills, vouchers and correspondence with regard to the locking system and repair and maintenance records; and security reports of assaults within Co-op City for the five-year period prior to October 24, 1980. Special Term partially granted defendant's motion for a protective order by limiting production to the one building in which the alleged attack upon plaintiff occurred and only for the period of one year prior thereto. We find that Special Term unnecessarily restricted the scope of disclosure. On the other hand, the appellant's notice to produce with respect to the entire housing project, unlimited in time, is far too broad since Co-op City houses some 60,000 inhabitants in 35 different buildings and has been in existence for 13 years. Plaintiff is entitled to reasonable discovery, consistent with the underlying scope of disclosure to ascertain "facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406.) We are also empowered to limit and regulate disclosure "to prevent unreasonable annoyance, expense * * * or other prejudice to any person" (CPLR 3103, subd [a]). Accordingly, at this stage, we deem it advisable that production should be limited to the building where the assault occurred plus the two adjacent buildings for the three-year period prior to the assault (see *Matos v City of New York,* 78 AD2d 834). Our disposition in this respect does not preclude the party from seeking further disclosure if the limited production herein be insufficient or direction if there be any dispute as to which are the adjacent buildings. Concur — Murphy, P. J., Kupferman, Sandler, Carro and Kassal, JJ.