OPINION OF THE COURT
Jack Turret, J.
In this paternity proceeding,* upon consideration of all papers submitted herein, all prior proceedings and decisions of this court, petitioner’s motion dated October 11, 1983, seeking, alternatively, court-ordered financial disclosure or sanctions for failure to comply, and modification upward of temporary support previously granted, and respondent’s motion dated October 12, 1983, seeking a protective order as to said disclosure are decided as follows:
Family Court has jurisdiction in a paternity proceeding to direct a parent or parents possessed of sufficient means or able to earn such means to pay a fair and reasonable sum, according to their respective means, for the support and education of a child born out of wedlock (Family Ct Act, § 545). To this end, as in all support proceedings in Family Court, there is to be compulsory financial disclo *178 sure (Family Ct Act, § 424-a; Domestic Relations Law, § 236).
“Compulsory financial disclosure” as required by section 236 of the Domestic Relations Law has been construed to mean disclosure by means of any disclosure device provided in CPLR article 31. That some disclosure may be had by resort to a demand for a formal net worth statement in no way limits the right of a party to use other disclosure devices (Mari v Strater, 91 AD2d 579; Garrel v Garrel, 59 AD2d 885 [concerning former statute, Domestic Relations Law, § 250]). The court is granted discretion in regulating such disclosure (CPLR 3103, subd [a]). Within this context, it must be remembered the general proscription of CPLR 3101 (subd [a]) is that disclosure is limited to “all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof” (emphasis added). This is a support case not an equitable distribution case. In these circumstances, financial disclosure need not be as searching as sought. Here, respondent has, in effect, conceded on the record his ability to pay whatever support this court directs.
On the issue of what is “material” and “necessary” as to a fair and reasonable sum for support, the court finds instructive the most recent amendments to section 413 of the Family Court Act and subdivision (3) of section 32 of the Domestic Relations Law (Uniform Support of Dependents Law [U.S.D.L.]).
“Parents’ duty to support child. The parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s [support] care, maintenance and education a fair and reasonable sum according to their respective means, as the court may determine and apportion. The court shall make its award for child support after consideration of all relevant factors, including: (i) the financial resources of the parents and those of the child; (ii) the physical and emotional health of the child, and his or her educational or vocational needs and aptitudes; (iii) where practical and relevant, the standard of living the child would have enjoyed had the family remained intact; (iv) where practical *179 and relevant, the tax consequences to the parties; and (v) the non-monetary contributions that the parents will make toward the care and well-being of the child.” (Family Ct Act, § 413, as amd by L 1983, ch 362; matter in brackets is old law to be deleted; matter emphasized is new.)
“Parents liable for support of their child or children under twenty-one years of age. If possessed of sufficient means or able to earn such means, either or both parents may be required to pay for such child’s care, maintenance and education a fair and, reasonable sum according to their respective means, as the court may determine and apportion. The court shall make its award for * * * support after consideration of all relevant factors, including: (i) the financial resources of the parents and those of the child; (ii) the physical and emotional health of the child, and his or her educational or vocational needs and aptitudes; (Hi) where practical and relevant, the standard of living the child would have enjoyed had the family remained intact; (iv) where practical and relevant, the tax”. (Domestic Relations Law, § 32, subd 3, as amd by L1983, ch 362; matter in brackets is old law to be deleted; matter emphasized is new.)
The factors outlined in section 413 of the Family Court Act apply to support for children born in wedlock. There was no requisite amendment to section 545 of the Family Court Act. Prior to this amendment, sections 413 and 545 of the Family Court Act virtually read alike, both requiring a child’s support (whether in or out of wedlock) be based upon a fair and reasonable sum according to the parent’s respective means. The most recent pronouncements of the United States Supreme Court in the area of out-of-wedlock children in Pickett v Brown (462 US_, 103 S Ct 2199) and Mills v Habluetzel (456 US 91) and the Legislature’s amendment of EPTL 4-1.2 indicate to this court that “Equal Protection” requires consideration of the same factors for support of out-of-wedlock children where relevant, regardless that section 545 of the Family Court Act was not amended accordingly. That the Legislature made these factors applicable in all U.S.D.L. proceedings, strengthens the court’s opinion. U.S.D.L. proceedings are available to enforce support orders for children born out of wedlock.
*180 By its prior order dated August 2, 1983, this court directed an examination of the respondent before trial. It has yet to be completed. Virtually simultaneous with the petitioner’s request for such an examination, written interrogatories were propounded by petitioner. Written answers are unnecessary at this time in the opinion of the court, and respondent’s request for a protective order in this regard is granted (American Steel Fabricators v Pinebrook Constr. Corp., 24 AD2d 982; CPLR 3103, subd [a]).
Petitioner’s notice to produce at respondent’s examination, encompassing some 23 categories contained on four pages, is that type of “blunderbuss” notice held improper and wholly inconsistent with approved practice (Mari v Strater, supra; Melnick v Melnick, 85 AD2d 531; Butler v District Council 37, 72 AD2d 720). Appropriate to said notice to produce are the words of the court in Butler (supra, at p 721) “[n]o party and no court should be required to undertake the task of pruning such a notice to manageable proportions.” Respondent’s motion for a protective order is granted to the extent that respondent shall not be required to comply with said notice to produce upon his appearance at this examination before trial. This direction is without prejudice to petitioner’s right to seek subsequent discovery of specific items after said examination has been completed. Submit order on notice, setting new time and place for said examination prior to trial upon agreement of parties.
Those branches of petitioner’s motion concerning: (1) the request for names and addresses of respondent’s accountants; (2) photocopies of “actual” State and Federal income tax returns; and (3) a net worth statement are denied. Any question as to the authenticity of tax returns or other documentation supplied by respondent can be addressed when respondent is examined before trial under oath. The net worth statement sworn to on October 25, 1983 is ruled to be sufficient in form so as to comply with my order of August 2, 1983.
In light of the financial disclosure made to date and in the discretion granted this court, the temporary order of support is modified upward to $100 per week, effective the date of filing of the petition. There is now a sufficient *181 record to justify this temporary award. Counsel for petitioner is to submit a computation of the moneys owed to the date of the signing of the order, taking into- account any moneys previously paid by respondent under this court’s prior temporary order of support. All moneys owed upon signing of the modified temporary order of support are to be paid within 15 days of service of order with notice of entry. Proceed accordingly and to trial on December 6, 1983, Part IV.

 An order of filiation has been entered, and the matter set down for trial on the issue of support.