■ VIRGINIA E. POMERANZ, Appellant, v MELVIN J. POMERANZ, Respondent. — Order, Supreme Court, New York County (Hortense Gabel, J.), entered April 15, 1983, affirmed, without costs or disbursements. We agree with the exercise of discretion by Special Term, which limited disclosure to the six-year period prior to commencement of the action, while affording plaintiff leave, after completion of defendant's deposition, to obtain further disclosure of reasonably identifiable documents. We have held in the past that "[t]he relevant CPLR provisions do not exempt matrimonial actions from compliance with appropriate procedures" (*Mari v Strater,* 91 AD2d 579, 580). We there recognized that, in matrimonial actions, as in other cases, parties must conduct disclosure proceedings by adhering to the approved practice of proceeding by examinations to ascertain the existence of identifiable documents and to aid in framing a notice to produce so as to specifically designate the documents sought with required particularity (see *Rios v Donovan,* 21 AD2d 409; *City of New York v Friedberg & Assoc.,* 62 AD2d 407). While the parties to a matrimonial action may secure pretrial disclosure with respect to income and finances, the court, in its discretion, may condition or limit discovery in a proper case "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." (CPLR 3103, subd [a]; *Billet v Billet,* 53 AD2d 564.) This includes reasonable limitations on disclosure in terms of time (cf. *Matos v City of New York,* 78 AD2d 834; *Petty v Riverbay Corp.,* 92 AD2d 525). Taking into account a marriage of 35 years, Special Term concluded that at this juncture it would be onerous to direct disclosure of financial records over the entire course of the marriage. Concur — Asch, J. P., Silverman, Fein and Kassal, JJ.

Lynch, J., dissents in a memorandum as follows: I dissent and would reverse and deny the defendant's motion for a protective order. The plaintiff wife in this pending divorce action is a medical doctor and the husband is a dentist.

There are no children. The parties were married in 1948 when they were students. They commenced married life with no property and everything they have accumulated is marital in nature. Throughout their marriage the defendant kept all of the records of his and his wife's finances and transactions. Each now seeks a divorce and equitable distribution. The plaintiff has served upon the defendant a notice to produce all of these records in connection with the taking of the defendant's deposition. The defendant, claiming that the production would be burdensome, moved for a protective order respecting all of the records except those of the last five years. Finding that production of the documents requested would be burdensome, Special Term granted the order of protection, limiting production to the records of the last six years, but granting plaintiff, after her inspection of the permitted records, leave to apply for further discovery and inspection. CPLR 3101 (subd [a]) directs not partial but "full disclosure of all evidence material and necessary", and this without reference to the date of its genesis. It is without question that the records sought by the plaintiff are material and necessary on the issue of equitable distribution. Underscoring CPLR 3101 (subd [a]), section 236 (part B, subd 4) of the Domestic Relations Law makes compulsory not piecemeal but full financial disclosure. The Legislature has even stressed its intention that the full disclosure be unconditional by adding to the subdivision that "[n]o showing of special circumstances shall be required before such disclosure is ordered". Certainly a court is authorized to condition or regulate disclosure but this power is available only to prevent such inequities as needless expense, disadvantage, or prejudice (see CPLR 3103, subd [a]). The holding here has the opposite effect. It puts the plaintiff to the expense of another motion and court appearance. She is put to the disadvantage of having to depose her husband on the documents of the last six years without the benefit of the knowledge that he has of the records of the preceding years. The holding is also prejudicial. These records wholly concern marital property and, as such, they belong as much to the wife as to the husband. By what right is he given exclusive access to them while his wife has to go to the court, in repeated supplication, to seek to see what is equally hers? It is far better that the production should be burdensome to the husband than it should be so inequitable for the wife.