OPINION OF THE COURT
Jack Turret, J.
This is a paternity proceeding. An order of filiation was entered on July 8, 1983. Prior to there being a hearing set on the issue of support, counsel for the petitioner mother sought the permission of this court to withdraw by order to show cause dated April 11, 1984. It was alleged that the mother was not only uncooperative, but had harassed her lawyer and his family to the point where he could no longer continue as her counsel. The application to withdraw was granted when the mother appeared with new counsel of her own choosing.
An attorney with just cause may withdraw from a case and may recover for his services rendered. (Goldman v Rafel Estates, 269 App Div 647; Schwartz v Jones, 58 Misc 2d 998; CPLR 321.) Petitioner’s relieved counsel has made *852 an application for counsel fees payable by respondent pursuant to section 536 of the Family Court Act. Petitioner’s new counsel has requested court-ordered turnover of relieved counsel’s papers relating to this matter. Relieved counsel is seeking a lien prior to said turnover and has subpoenaed various materials of the respondent and his companies claimed as necessary to discover the extent of respondent’s finances so as to properly set counsel fees. Respondent’s attorney moved to quash these subpoenas.
COUNSEL FEES/LIEN
When an attorney is discharged without cause or voluntarily withdraws for just case, he is entitled to a lien. This lien takes two forms. The first, a common-law possessory lien, allows the attorney to keep a client’s papers or assets until his fee is paid. The other, a statutory lien (Judiciary Law, § 475), is a lien against moneys recovered for a client by the attorney’s efforts in litigation (Levitas v Levitas, 96 Misc 2d 929).
Generally, where the outgoing attorney asserts a retaining lien for legal services rendered and refuses to release the clients’ papers in his possession in the face of a request for turnover of such papers, the attorney is entitled to a summary determination, fixing the value of his services. That sum must be paid or otherwise secured before any turnover may be enforced (Levitas v Levitas, supra). However, Levitas (supra) and other reported cases cited by relieved counsel,* supporting this interpretation of the law, are distinguishable herein.
Most of the cases relied on by the relieved attorney are matrimonial cases. It is proper that a statutory lien be granted or fees be paid prior to a turnover of papers in a matrimonial case. This is for said attorney’s protection as the case could be settled by the parties, depriving the attorney of his fee (see Goldenstein v Goldenstein, 28 AD2d 962; Levitas v Levitas, supra). In matrimonial cases, section 237 of the Domestic Relations Law and section 438 of the *853 Family Court Act grant statutory authority to award counsel fees at any stage of the proceeding. The instant case is a paternity proceeding. As such, a relieved attorney cannot be deprived of his fee by an out-of-court settlement. A paternity proceeding may only be settled with the court’s approval (Family Ct Act, § 516). The court will not lose jurisdiction over this respondent until the order fixing support for the child is made. Respondent has extensive business interests in this jurisdiction.
The real party at interest here is the child. “[I]t must be remembered that while an order of filiation may affect the economic and other pragmatic aspects of the relationship between the adult parties, the primary purpose of filiation proceedings is the ‘protection of the welfare of out-of-wedlock children’.” (Matter of Lock v Fisher, 104 Misc 2d 656, 660, citing Matter of J. Children, 50 AD2d 890, 891, app dsmd 39 NY2d 741.) It is in the child’s interest this action proceed expeditiously. Only the least complicated phase of this proceeding has been completed, the determination of paternity (due to the advent of the human leucocyte antigen [H.L.A.] test and in light of the particular circumstances of this case). The question of support, having the most direct bearing on the child’s welfare, has yet to be resolved. Questions of custody/visitation may yet arise. These are the issues the court should be addressing at this time. A multiplicity of hearings regarding the same subject matter is to be avoided. The issue of support involves the means of both parents. (Family Ct Act, § 545.) The issue of counsel fees to the attorney for the prevailing party involves the question of whether “he or she is unable to pay such counsel fees” (Family Ct Act, § 536).
Generally, “piecemeal” applications for counsel fees are frowned upon (Matter of Rosenblum, 137 NYS2d 479). A trial court is granted wide latitude in controlling the conduct of a trial (Feldsberg v Nitschke, 49 NY2d 636; Spodek v Lasser Stables, 89 AD2d 892). Where, as here, relieved counsel’s right to compensation is amply protected (Family Ct Act, § 516), circumstances warrant moving the case forward on all issues and avoiding a separate hearing on the outgoing attorney’s fee. When the court has concluded all hearings, attorney’s fees will be fixed in the *854 discretion of the court (Family Ct Act, § 536). Relieved counsel will turn over all of his former client’s papers to substituted counsel without a preliminary hearing. The relieved attorney may attend at the trial for the purpose of participating as required on the issue of the resources of the parents as it may relate to his fee. Absent an agreement that his fee may be fixed by affidavits, the court will hear the issue of the nature and extent of attorneys’ services, actual time spent, the necessity therefor, the nature of the issues involved, counsels’ status, and the result achieved (Jordan v Freeman, 40 AD2d 656).
SUBPOENAS
Respondent’s motion to quash is granted. The court finds the searching nature of the subject subpoenas unnecessary on the issue of respondent’s ability to pay relieved counsel’s attorney fees. In an earlier decision dated November 10, 1983 (122 Misc 2d 177), this court denied similar exhaustive discovery of respondent’s financial status on the issue of support, because respondent had conceded on the record his ability to pay whatever support was ordered. It is the law of the case (CPLR 2221). Counsel for the father revealed in open court the amount in fees he has received to date. The degree of disclosure sought herein is clearly more appropriate for determining support than attorney fees. Found unnecessary on that issue, in the instant case, it is all the more unnecessary on the issue of relieved attorney’s fees.
This hearing on the issue of support, long delayed by preliminary skirmishes, will proceed forthwith.
Submit order on notice. In that order the court will set the date for the continued hearing on the remaining issues.

 Pekoe v Pekoe, 101 AD2d 813; Rosen v Rosen, 97 AD2d 837; Petrillo v Petrillo, 87 AD2d 607; Gamble v Gamble, 78 AD2d 673; Yaron v Yaron, 58 AD2d 752; Braverman v Braverman, 47 AD2d 916; Goldenstein v Goldenstein, 28 AD2d 962; White v White, 107 Misc 2d 551.