■ ESTHER BOONE et al., Respondents, v SUPERMARKETS GENERAL CORPORATION, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated November 2, 1983, as, "on consent", denied a part of its request for a protective order. The appeal brings up for review so much of an order of the same court, dated July 5, 1984, as, upon granting defendant's motion to resettle the original order to the extent of deleting the words "on consent", adhered to that portion of the original order which denied a part of defendant's request for a protective order.

Appeal from the order dated November 2, 1983 dismissed. The portion of that order from which defendant appeals was superseded by the resettled order dated July 5, 1984.

Order dated July 5, 1984, affirmed, insofar as reviewed.

Respondents are awarded one bill of costs.

Upon review of the record, we conclude that Special Term did not abuse its discretion by allowing disclosure of investigation reports concerning other "slip-and-fall" accidents that occurred in defendant's supermarket during the five years prior to the date the injured plaintiff allegedly slipped and fell in the store (*see, Mott v Chesebro-Whitman Co.,* 87 AD2d 573; *Abrams v Vaughan & Bushnell Mfg. Co.,* 37 AD2d 833). Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.