■ GEORGE WILLIAMS et al., Appellants, v JOHN PELLE-GRINO, Respondent, et al., Defendant.—In an action to recover damages for chiropractic malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 19, 1988, as granted that branch of what is deemed to be the defendant Pellegrino's motion for a determination that CPLR 4545 (c) is applicable to this action, and for an order directing disclosure of collateral source information pursuant to CPLR 4545 (c) "to any party so inquiring".

Ordered that so much of the appeal as seeks review of the portion of the order which granted the branch of the motion which was for a determination that CPLR 4545 (c) is applicable to this action is dismissed, as no appeal lies from that portion of the order *(see, Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600); and it is further,

Ordered that in all other respects the order is reversed insofar as appealed from, without costs or disbursements, and that branch of the motion which was for disclosure of "all" collateral source information is denied with leave to renew on proper papers if the defendant Pellegrino be so advised.

Since the issue of whether CPLR 4545 (c) applies to this action *(see,* L 1986, ch 220, § 46) is not dispositive of disclosure issues *(cf., Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403;

*Wiseman v American Motors Sales Corp.,* 103 AD2d 230, 237), and since no specific disclosure dispute was before it, the Supreme Court should not have directed disclosure of all collateral source information to any party so inquiring *(see, Self-Insurer's Assn. v State Indus. Commn.,* 224 NY 13, 16; *cf.,* CPLR 3001, 3101 [a]; *Butler v District Council 37,* 72 AD2d 720).* Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.