■ JACK HARDY et al., Appellants, v TOPS MARKETS, INC. Respondent. [647 NYS2d 603] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: In this action, Charlotte Hardy (plaintiff) alleges that, on December 7, 1992, she entered defendant's store in Olean and slipped and fell on the wet floor in the area of the front vestibule. Supreme Court denied in part plaintiffs' motion to compel defendant to produce incident reports concerning any falls that occurred at defendant's store from January 1, 1990 to the date of defen-

dant's examination before trial in 1995; records of complaints of standing water and/or slippery conditions or material in the store for the same period; and records "indicating any cleaning, water removal and/or other maintenance schedule or other maintenance and/or inspection schedules" in effect at the store on the date of the accident. The court limited the production of such records to incident reports of falls in the area of the store's front vestibule between November 1, 1992 and December 7, 1992.

The information sought in plaintiffs' discovery demands is material and necessary to establish notice of a dangerous condition at or near the location where plaintiff fell. It is well established that records of prior similar accidents are discoverable to establish the existence of a dangerous condition and that defendant had notice of it (*see, Hyde v County of Rensselaer*, 51 NY2d 927; *Allstadt v Long Is. Home*, 210 AD2d 365; *Klatz v Armor El. Co.*, 93 AD2d 633). Proof of subsequent accidents "at the same place and under the same conditions, while of no probative value on the question of notice, is admissible to establish the existence of a dangerous condition, instrumentality or place" (*Klatz v Armor El. Co., supra*, at 638; *see, Brown v Daisy Mfg. Co.*, 129 AD2d 995). Similarly, defendant's maintenance and inspection records in effect on the date of the accident are also discoverable (*see, Dattmore v Eagan Real Estate*, 112 AD2d 800).

Although the court has broad discretion in overseeing discovery (*see, Blumenthal v Tops Friendly Mkts.*, 182 AD2d 1105), here the court abused its discretion in imposing the narrow limitations on plaintiffs' discovery demands (*see, Dattmore v Eagan Real Estate, supra*, at 800; *Boone v Supermarkets Gen. Corp.*, 109 AD2d 771; *Petty v Riverbay Corp.*, 92 AD2d 525). We, therefore, affirm that part of the order limiting discovery to the front vestibule area where plaintiff fell. We modify the order by granting plaintiffs' motion in all other respects.

Defendant's remaining contention is without merit. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Green, J. P., Pine,· Fallon, Doerr and Boehm, JJ.