[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE CROSS-MOTIONS OF THE PARTIES FORSUMMARY JUDGMENT
This is an action to foreclose a judgment lien which had been filed by the plaintiff law firm, Cummings Lockwood, against property of the defendant in order to secure an award of attorney's fees made as part of a judgment entered on June 30, 1992, in a marital dissolution action brought by the defendant's former wife, Muriel Benison, in which the court (Steinberg, J.) ordered the defendant to pay one-half of the attorney's fees incurred by his wife in the course of the plaintiff's representation of her in that action, which sum was to be paid to her within ninety days of the judgment of dissolution. Trial counsel for Muriel Benison in the dissolution action, C. Ian McLachlan, a member of the plaintiff law firm, subsequently filed a motion to clarify the judgment together with an affidavit of services rendered and disbursements made, in the total amount of $54,003.16, because disputes had arisen as to the meaning of certain portions of the original judgment and, in particular, because the order for counsel fees had not expressly stated the amount due Cummings Lockwood, and thereafter, in response to counsel's motion, a supplemental judgment was entered on May 4, 1993, which stated, inter alia, that "[t]he defendant owes Cumming(sic) Lockwood 27,001.58. . . ."
The plaintiff in this action has alleged that by virtue of the supplemental judgment rendered on May 4, 1993, in the dissolution action, the defendant in this action "became indebted to the [plaintiff] in the sum of 27,001.58", and the defendant has denied that allegation in his answer. The defendant's claims of law are that a judgment may not be rendered in favor of one who was not made a party to the action; Pagani v. BT II. LimitedCT Page 857Partnership, 24 Conn. App. 739, 752-54 (1991); and that an order for the payment of a spouse's counsel fees must be paid to the spouse herself rather than directly to her attorney. 24 Am.Jur.2d, Divorce and Separation § 618.
Section 46b-62 of the General Statutes provides that in any dissolution action "the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82." The statute itself furnishes no guidance on the question of whether, or under what circumstances, the court may properly order the spouse who is found to be liable for the other's legal fees and expenses, to pay directly to counsel for that party, the amount determined by the court to be payable based upon the appropriate statutory criteria.
Where the husband's liability for counsel fees is fixed by the court upon the wife's motion in accordance with the statutory criteria for alimony, the award of counsel fees pursuant to the statute becomes "the measure of her rights and of her husband's obligation." Turner v. Woolworth, 117 N.E. 814, 815 (N.Y. 1917). An independent action may be maintained by the wife's attorney after a successful prosecution of the wife's suit "only because the result in the wife's suit has established her right to counsel fees and the consequent right of the attorney to be paid by the husband." Weidlich v. Richards, 94 N.Y.S.2d 546, 548
(N.Y.App. 1950).
The construction of a judgment is a question of law for the court and requires a judicial determination of the court's intention when it rendered its final judgment based on the circumstances surrounding the making of the judgment, and the court that construes the judgment must give effect to that which is clearly implied although not actually expressed therein.Lashgari v. Lashgari, 197 Conn. 189, 196-97 (1985). As applied to the facts of this case, it should be noted that the original order of the court that required the husband to pay one-half of the wife's costs and expenses did not become a final judgment until the court determined the amount that would have to be paid to Cummings Lockwood. See Fattibene v. Kealey.12 Conn. App. 212. 216 (1987).
For the purpose of determining Judge Steinberg's intention at the time the supplemental judgment was entered on May 4, 1993, this court has taken judicial notice of, and has reviewed, the CT Page 858 pertinent portions of the file in the marital dissolution case, (Muriel L. Benison v. Francis C. Benison, judicial district of Tolland at Rockville, Docket No. FA 90 0043973 S), including the plaintiff's motion to clarify judgment dated February 2, 1993 (Record item #175) which states (p. 3) that "[t]he defendant has taken the position . . . that the amount of his liability to Cummings Lockwood is uncertain and that the plaintiff would request that the court order the defendant to pay . . . $27,001.58 to Cummings Lockwood immediately." Another document that appears in the file in connection with a post-judgment proceeding in September, 1993, concerning alimony is a financial affidavit filed on September 20, 1993, by Francis C. Benison that lists Attorney Ian McLachlan, the wife's attorney, as a creditor who is owed the sum of $30,000.
It is clear from the foregoing references to the file in the dissolution action that Judge Steinberg's intention at the time the supplemental judgment was entered was twofold, first, to quantify the husband's liability for counsel fees so as to make it an enforceable final judgment, and second, to substitute the law firm that had represented the wife during the trial as the real party in interest with respect to the enforcement of the court's prior orders for the payment of counsel fees. Moreover, the defendant expressed no objection at the time to either one of the grounds for the motion to clarify the judgment, and formally acknowledged the existence of the obligation and the fact that it was owed directly to Cummings Lockwood rather than to his former wife, in the financial affidavit that he filed in the course of the post-judgment proceedings.
The rule relied upon by the defendant that a judgment should not be rendered in favor of a person who was not before the court and is a "total stranger to the case"; Pagani v. BT II. LimitedPartnership, supra, 753; is singularly inapplicable to the question of attorney's fees where that issue has already been raised and argued by counsel of record for the plaintiff in the pending action and finally adjudicated by the trial judge and incorporated into the judgment. See Earl v. Las Vegas Auto Parts,307 P.2d 781, 783 (Nev. 1957). The court in the action in which the attorney's services were rendered has incidental jurisdiction to resolve disputes concerning the fees charged to the client and the court's determination of the extent of the attorney's rights is res judicata and is "not subject to collateral attack in an independent action brought to enforce the attorney's lien."Gordon v. Stewart, 324 P.2d 234, 236 (Nev. 1958). CT Page 859
Even if it were to be assumed, however, that the plaintiff was not entitled to a judgment because an order for counsel fees could only be paid to the wife and not to her attorney; seeApplication of Waxstein Gelbman, 130 N.Y.S.2d 285 (Supr. Ct. 1954); the amount of a lien for attorney's fees rendered to the wife, "once fixed in the matrimonial action, is binding on the parties to that action in any other subsequent proceeding or action." Waxstein v. Brenhouse, 136 N.Y.S.2d 484, 486 (Supr. Ct. 1954). The fact that a prior judicial determination may be flawed is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked, because "[i]f the judgment is erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." CFM ofConnecticut Inc. v. Chowdhury, 239 Conn. 375, 395-96 (1996).
For the foregoing reasons the defendant's motion for summary judgment is denied and the plaintiff's cross-motion for summary judgment is granted.
Harry Hammer Judge Trial Referee