PIOTR SMOLEN et al., Appellants, v KMART, INC., et al., Respondents. (Appeal No. 1.) [768 NYS2d 887]—Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered July 10, 2001, which denied plaintiffs' motion to reconsider granting a directed verdict in favor of defendants.

Appeal from a judgment of Supreme Court, Erie County (Whelan, J.), entered July 19, 2001, which granted defendants' motions for a trial order of dismissal and dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Piotr Smolen (plaintiff) when he either slipped or tripped on a ramp leading to a store operated by defendant Kmart, Inc. Defendants moved to dismiss the complaint at the close of plaintiffs' proof at trial. Supreme Court reserved decision and thereafter granted the motions after certain witnesses had testified for defendants. In deciding such a motion, the court must view the evidence in the light most favorable to the nonmovant, "who must be accorded 'every favorable inference which may properly be drawn from the evidence' " (Fernandes v Allstate Ins. Co., 305 AD2d 1065, 1065 [2003]). Contrary to the contention of plaintiffs, they failed to establish that a defective condition existed on the ramp. Although the issue whether a dangerous or defective condition exists on property is generally one of fact for the jury, some defects

are "too trivial to be actionable" and thus present no issue of fact (*Riser v New York City Hous. Auth.,* 260 AD2d 564, 564 [1999]; *see Trincere v County of Suffolk,* 90 NY2d 976, 977-978 [1997]). In this case, plaintiff testified that his fall was caused by a depression in the ramp. Plaintiff, however, did not notice a defect in the ramp prior to his fall, and employees of defendants did not see any defect in the ramp either before or after plaintiff's fall. Plaintiffs' expert testified that the ramp was defective because it was too narrow and steep, but the expert failed to address the alleged depression in the ramp that caused plaintiff's fall. Upon our review of the photographs of the ramp that were received in evidence at trial, we conclude that they fail to depict any defect. Under these circumstances, we conclude that any alleged defect was not actionable (*see Grover v State of New York,* 294 AD2d 690, 691 [2002]; *Squires v County of Orleans,* 284 AD2d 990 [2001]; *Santiago v United Artists Communications,* 263 AD2d 407, 408 [1999]; *Figueroa v Haven Plaza Hous. Dev. Fund Co.,* 247 AD2d 210 [1998]).

In any event, even assuming, arguendo, that a defective condition existed on the ramp, we conclude that plaintiffs failed to establish that defendants either created the condition or had actual or constructive notice of it. There was no testimony concerning the manner in which the defect was created or how long it had allegedly existed. Plaintiffs' assertion that the defect existed since the ramp had been built was mere speculation and thus was insufficient to raise an issue of fact (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Littleton v Hudson Val. Hosp. Ctr.,* 274 AD2d 418, 419 [2000]). Plaintiffs further contend that they should have been permitted to introduce evidence of subsequent accidents inasmuch as defendants were permitted to present testimony that there were no prior accidents. Although we agree with plaintiffs that evidence of subsequent accidents may be admissible (*see Hardy v Tops Mkts.,* 231 AD2d 879, 880 [1996]; *Niemann v Luca,* 214 AD2d 658 [1995]), here plaintiffs did not attempt to introduce any such evidence. In light of our determination, we do not reach plaintiffs' remaining contentions. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.