Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 18, 2007. The order, *1138 insofar as appealed from, granted in part plaintiffs motion to compel the disclosure of certain documents.
It is hereby ordered that said appeal from the order insofar as taken by defendant CB Richard Ellis is unanimously dismissed and the order is modified on the law by denying those parts of the motion seeking to compel disclosure of documents 1, 2, 5, 6, 8, 21 through 35, 38, 43, 44, 54, 55, and 58 through 62 and denying in its entirety those parts of the motion seeking to compel disclosure of documents 3, 4, 7, 10, 12, 14 through 20, 48, 51, 52, and 57 and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, defendants Saatchi & Saatchi Rowland, Inc. (formerly Saatchi & Saatchi Business Communications, Inc.) (Saatchi) and CB Richard Ellis (CBRE) appeal from an order granting in part plaintiffs motion to compel the disclosure of certain documents sought by plaintiff during the course of discovery. In appeal No. 2, Saatchi and CBRE appeal from an order issued following Supreme Court’s receipt of two documents that were “missing from the Saatchi privilege log” when the court issued its order in appeal No. 1. By the order in appeal No. 2, the court determined that those two documents were not privileged “except as may have been otherwise noted in [the court’s] previous decision.” We note at the outset that we dismiss each appeal insofar as taken by CBRE as moot inasmuch as, on a prior appeal, we granted that part of the motion of Saatchi and CBRE seeking dismissal of the first amended complaint against CBRE (First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc., 55 AD3d 1264 [2008]). Thus, only the appeals by Saatchi from the two orders are before us.
It is well settled that Supreme Court is vested with broad discretion in supervising discovery but that the court’s discretion is not unlimited (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Community Dev. Assn. v Warren-Hoffman & Assoc., 4 AD3d 755 [2004]; Hardy v Tops Mkts., 231 AD2d 879, 880 [1996]). Here, Saatchi refused to provide several documents to plaintiff based on its contention that the documents, all but one of which were e-mail communications between Saatchi and outside counsel, fell under the attorney-client privilege. We conclude that the court erred in granting those parts of plaintiff’s motion seeking to compel disclosure of several of those documents, as set forth herein. The court erred in determining that, because the communications between Saatchi and outside counsel were primarily for a business purpose, they were not protected by the attorney-client privilege. Although the communications did in fact concern a business matter, their *1139 primary purpose was to enable Saatchi to obtain legal advice. We thus conclude that the communications between Saatchi and outside counsel were “primarily or predominantly of a legal character” and therefore are privileged attorney-client communications (Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 594 [1989]).
We reject plaintiffs contention that the communications between Saatchi and its outside counsel were not privileged because a third party, CBRE, was included in those communications, and Saatchi did not establish that CBRE had acted as its agent. Plaintiff is correct that, “[w]hile communications made between a defendant and counsel in the known presence of a third party generally are not privileged, an exception exists for ‘one serving as an agent of either attorney or client’ ” (Robert V. Straus Prods. v Pollard, 289 AD2d 130, 131 [2001]). Contrary to plaintiffs contention, however, the record establishes that CBRE served as Saatchi’s agent. Indeed, plaintiff conceded the agency relationship in its complaint and also submitted to the court a copy of the exclusive agency agreement between Saatchi and CBRE.
We further conclude, however, that the court properly granted those parts of plaintiffs motion with respect to documents in which legal advice was not sought by Saatchi nor rendered by counsel, or in which third parties other than Saatchi’s agent were involved. We thus affirm the orders in appeal Nos. 1 and 2 with respect to those documents, which are designated as documents 11, 39, 40, 41, 47, 49, 50, 63, and 64, and we otherwise modify the orders accordingly. Present — Scudder, PJ., Hurlbutt, Martoche, Smith and Lunn, JJ.